Ruffin, Chief Justice,
 

 after stating the case as above, proceeded as follows: We think the former of the plaintiff’s exceptions is well founded. It is against the course of the Court to allow a commission on the value of specific articles. For trouble and responsibility in respect to them, it is usual to have regard in estimating a proper commission on the receipts, properly so called, that is to say, moneys. If the Master had, in this case, therefore, increased the rate of commission on that account, the Court would not have interfered. But we should be reluctant to establish a precedent for a commission
 
 eo
 
 nomine, for dividing slaves and family jewels among an intestate’s family; as it might lead to much abuse.
 

 We concur in the views taken by the commissioner, of the question of interest. The case is fully within the rules hitherto laid down by the Court.
 
 Arnett
 
 v. Linney, 1 Dev. Eq.
 
 369.
 
 — Peyton v.
 
 Smith,
 
 Ante 325. It is clear the administrator has not used the fund, and that no actual profit was made from it, except such portion as properly belonged to him in his own right. As it has been kept on hand — and
 
 *403
 
 upon that point there can be no dispute, as the bank books shew it was there — the only question is, whether it was wantonly kept idle, or was kept for the purposes of the trust. We think it would have been imprudent, in a high degree, in the administrator, to have loaned the money, when a suit was actually pending respecting it, and he could not tell at what moment a guardian would have authority to require payment of the shares of the infants. Besides, the object of keeping the fund in Bank is made fully to appear, by the fact that the administrator paid it over as soon as fie knew to whom to make the payment, that is to say, immediately upon the appointment of the guardian. It was kept as'the property of the next of kin, ready to be delivered to them whenever the administrator could be legally warranted so to do. As to the sums put at interest on his own account, our opinion is, that the administrator, who was also one of the next of kin, was not obliged to lock up his own share in Bank, because the other next of kin were infants. If he used no more than belonged to him in his own right, or as guardian, he did the others no wrong thereby; and, therefore, ought not to account for that interest, as a part of the testator’s estate in the administrator’s hands. So that the question really is, whether the administrator failed to make profits from that part of the money which belonged to the plaintiffs, from wrong or right motives; and upon that question we have just said, that he properly, under the circumstances, kept it ready for payment. This exception, therefore, is disallowed.
 

 The defendant has also excepted, because the'commissions allowed are not adequate, and because there is no commission allowed for disbursements for the children up to the appointment of guardians. As to the last, we suppose the commissioner considered the trouble of the administration touching those matters, in making the other allowances; and, therefore, we are not inclined to alter his decision, when it does not appear that any application was made to him for this commission specifically. ’The Court must also so far rely upon the judgment of the Master, as to the proper rate of commission, as to make it a general rule not to depart from it, except in a clear case of mistake by the Master. He has the whole subject before him, and can better estimate than we can
 
 *404
 
 the time and trouble devoted to an administration, and the responsibility incurred. We see no reason here for not abiding by the report in this respect."
 

 The court will not decide an exception relating to a matter solely between two of the defendants; particularly where the exception is slated to have been taken to avoid a conclusion] between them by the report.
 

 As to the defendant’s third exception, we presume the Master accidentally overlooked the sum mentioned therein, as we see no reason why the defendant should not have thereon the same rate of commission allowed on the other rents of the real estate; to wit, 2 1-2
 
 per cent.
 

 The Court does not decide the sixth exception of the administrator, because it relates to a matter solely between two of the defendants, whom we do not think proper to conclude in this suit. Indeed, the object of the exception was stated by counsel to be, simply to avoid a conclusion between those defendants by the report.
 

 Pee Curiam. Decree accordingly.