The action was for the recovery of $190 and interest, due by note given 1 January, 1869, by one R. M. Orrell, an agent of the defendant, to the plaintiffs "as administrators of Benj. Rush, deceased," for "rents of wharf and warehouse until 1 January, 1870." The defendant, by said Orrell, confessed judgment for the amount of the note and then appealed to the Superior Court.
The papers and statement of the case, as sent up by the Justice under orders from the Superior Court, show that the summons ran in the name of the plaintiffs "as administrators of Benj. Rush," and that the complaint set forth that the defendant promised to pay them the sum of $190, with interest from 1 January, 1870, for the use of certain wharves and warehouse during 1869.
In the Superior Court the defendant "moved in arrest of judgment," because it appears from the complaint, 1st, that the plaintiffs are not the real parties in interest; 2d, the plaintiffs have no (48) right to maintain the action; 3d, that no license from the heirs-at-law of the intestate Rush to prosecute the action is alleged.
The motion in arrest was allowed by his Honor, and the plaintiffs appealed.
At common law an unsuccessful party to an action had no right of appeal. If there was error in the proceedings and such *Page 36 
error was apparent upon the writ of error; and if the action was in a Court not of record, a writ of false judgment would lie. For a wrong verdict upon issues of fact there was no remedy which could be obtained as matter of right, but the Judge in his discretion could grant a new trial.
In this State the right of appeal is regulated by statute, and is allowed to a party to an action, or other legal proceeding, who is dissatisfied with any judicial order or determination involving a matter of law or legal inference, or any judgment rendered by a Court upon a verdict. C. C. P., sec. 299. The purpose of an appeal is to submit to the decision of a Superior Court a cause which has been tried in an inferior tribunal. Its object is to review the whole case and secure a just judgment upon the merits. It would be trifling with the administration of justice to allow an appeal to a defendant who voluntarily confesses a judgment, and thereby admits that both the law and the facts are on the side of the plaintiff in the action. As the plaintiffs in this case did not move in the Court below to dismiss the appeal which was improvidently granted we will pass by all irregularities and consider the proceedings as in the nature of a writ of false judgment, which has brought (49) the papers into Court, and the complaining party has assigned his errors. Swain v. Smith, 65 N.C. 211. We must enquire, whether the errors assigned are apparent upon the face of the record, and are sufficient to justify the reversal of the judgment complained of. It is insisted that the plaintiffs are administrators, and have no right to recover the money demanded in the complaint, as the claim arises on a contract for the rent of lands belonging to the estate of their intestate. In the summons the plaintiffs are styled administrators, but in the complaint they do not claim the money as administrators, and it does not appear that the leased premises belonged to the estate of an intestate. The words "Administrator of the estate of Benj. Rush," which appear in the caption of the complaint, may be rejected as surplusage, as they are not necessary to sustain any allegation or demand of the plaintiffs contained in the complaint.
In such proceedings we can only notice error apparent upon the face of the record, and all intendments are to be taken most strongly against the party alleging error, and in favor of the correctness of the judgment sought to be reversed; and especially ought this rule to apply where the judgment is upon confession.
If the wharves and warehouses rented by the plaintiffs belonged to the estate of their intestate, it does not appear that he was entitled to an inheritable estate, which descended upon his heirs at law. If the *Page 37 
estate was a term of years, it passed to his administrators, and they are entitled to the rents as assets, and can properly recover them in this action. As the law is well settled in the cases referred to by the counsel of the defendant, that administrators can not control the estates of inheritance of their intestates, we can reasonably presume that the plaintiffs in this case only exercised their legal rights, and that the premises rented by them belonged to their intestate for a term of years. As we can not see from the record that this action was improperly instituted, the judgment of the Superior Court (50) is reversed, and the judgment of the justice is affirmed and must be entered as a judgment of this Court.
PER CURIAM. Reversed.
Cited: S.C., 68 N.C. 72; Lee v. Lee, 74 N.C. 71; White v. Clark,82 N.C. 11; Mason v. Pelletier, Ib. 44; S. v. Griffis, 117 N.C. 712.