JOSEPH UTLEY and others *v.* JAMES M. FOY and others.

A penal bond, conditioned to make title to land when the purchase money is paid, may be assigned, and an action for damages for the non-performance of the condition, brought by the real party in interest.

In such suit, a note given to one of the parties to induce her to perfect the title by submitting to a private examination, is not a set-off or counter-claim.

If an appellant fails to assign and prove an error, the judgment although erroneous must be affirmed.

CIVIL ACTION, tried before *Buxton, J.,* at Spring Term, 1873, of CUMBERLAND Superior Court.

The material facts of the case are:

In October, 1862, the defendants executed a penal bond in the sum of $20,000, payable to John A. Williams, conditioned

to make title to him, for 747 acres of land in Cumberland county, (which land had descended to the defendants on the death of their ancestor, Stewart Devane,) Williams agreeing to pay therefor $10,000, the payment secured by notes due 1st April, 1863, 1864, 1865 and 1866.

The notes for the purchase money were all paid in Confederate money, and on the 19th May, 1866, the defendants, together with the wives of two of them, executed to Williams a deed for the land, with warranty, reciting a consideration of $10,000.

On the 12th December, 1866, Williams conveyed the land by deed of mortgage, to the plaintiff, Utley, to secure a debt; and on the 5th April, 1869, he sold the equity of redemption to the plaintiffs Charles J. and James F. Williams, at the same time assigning to them the penal bond for title executed by defendants, the assignment being in writing, as an additional security to the title made by him to the plaintiffs.

This bond for title had not been surrendered by John A. Williams to the defendants at the time he obtained his deed of 19 May, 1866, because two of the *feme covert* defendants, who had joined their husbands in signing the deed, had not been privately examined; and when called on for that purpose both refused for the reason that the land had been paid for in Confederate money. One of them, Mrs. Foy, however, in consideration of John A. Williams giving her husband another note, payable in two years, for an additional sum of $300, compromised the matter, and perfected the deed so far as she was concerned, by undergoing a private examination. The other *feme covert* defendant, Mrs. Wright, persisted in her refusal to undergo a private examination, and in August, 1869, instituted a suit for partition against the plaintiffs, and obtaining a final decree had her one-sixth of the land set apart to her.

The value of the land in currency is $8 per acre. Mrs. Wright recovered 89 acres, and was besides awarded $159,50 for equality of partition, which sum was paid by plaintiffs.

The defendant insisted:

1. That the bond for title executed by defendants in October, 1862, being a penal bond, and payable to John A. Williams, was not assignable, but that the legal title remained in John A. Williams, and did not pass to the plaintiffs; consequently if this action was maintained at all, it should have been brought in his name.

2. Defendants were entitled as a set-off or counter-claim, the note for $300, which had been given by Williams to Foy for Mrs. Foy's interest in the land, which note was then held by one of the defendants, which he was willing and now proposed to set off for the joint benefit of all the defendants, agreeing that it should be considered for that purpose the joint property of them all.

There was a verdict for the plaintiffs, subject to the opinion of the Court, upon the points presented by defendants. His Honor holding the points so raised, not to be well taken, refused to disturb the verdict, and gave judgment accordingly; from which judgment defendants appealed.

*W. McL. McKay,* for appellants.

*B.* and *T. C. Fuller,* contra, cited C. C. P. sec. 87; *Martin v. Richardson,* 68 N. C. 257; Waterman on set-off, &c., secs. 226 to 230.

1. The demand claimed by defendants is an individual demand in favor of W. S. Devane, as to whom the action has been discontinued. Reverse the parties, and defendants have no cause of action against plaintiffs.

2. The settlement with Foy, out of which the demand grew, was directly in exoneration of defendants. If this now be allowed, it is equivalent to the payment of a sum additional to the purchase money, and plaintiff can have another action against defendants, the penalty of the bond not being exhausted.

RODMAN, J. 1. There is nothing in the first exception of the defendants. Before C. C. P. choses in action were not as-

20

signable at law, but in equity they were. Since the adoption of the Code, an action must be brought by the real party in interest. The plaintiffs as assignees are entitled to sue.

2. As to the right to be allowed the counter-claim. In October, 1862, the defendants and William T. Devane, being tenants in common of certain lands, (Foy and Wright in right of their wives,) entered into a bond to John A. Williams, conditioned to be void, if they should convey to him a good title of the land. As the bond is not set forth it cannot be said whether it was joint or several; that is, whether all of the obligors were bound for each and all, or whether each was bound for himself only, and in respect to his own share. The parties in the pleadings have treated it as a joint bond, and we must take it to be so.

No question is made as to the right of the plaintiffs to recover damages by reason of the failure of defendants to make title to Mrs. Wright's share. It does not appear whether or not, the jury embraced in their verdict the damages sustained by Williams by reason of the failure of the defendants to make a good title to the share of Mrs. Foy, so that in order to get her title he was compelled to give his note to her husband for $300. The parties have made no point on the amount of the damages recovered. The defendants plead as a counter-claim, the note which John A. Williams made to Foy in order to induce his wife to consent to make the deed. This note was given on 25th February, 1867, payable in two years, and on 12th March, 1867, was endorsed to W. S. Devane. If John A. Williams had sued the defendants immediately after the making of this note, it is clear it would not have been a set off.

1. Because not due, and 2, because to have allowed it as such would have been to distribute amongst all the defendants, what was the individual property of Foy. Its endorsement to W. S. Devane who is no party to this suit, could not make it a set off. And although the Judge in stating the contentions of the defendants' counsel, says that he urged as a reason why the note should be a set off, that Devane had agreed that it

might be used as such for the benefit of the defendants; yet the case does not state such agreement as a fact, or that defendants were ready and able to surrender the note at the trial. If the note would not be a set off against Thomas A. Williams, certainly it is not against the plantiffs. The defendants have shown no error in the record. And it must be remembered that if the appellant fails to assign and prove an error, the judgment, although it *may* be erroneous, must be affirmed. *He* makes up the case, or if he permits the Judge to do it, the Judge does it as his agent; it is still his case, and it is presumed that he has fully and distinctly set forth every ground of exception. All uncertainties and omissions are taken most strongly against him.

PER CURIAM.                    Judgment affirmed.