JEMIMA MASON v. JEREMIAH J. PELLETIER.

*Evidence--Fraud--Cancellation of Deed.*

Where in an action brought for the cancellation of a deed on the ground of fraud, the plaintiff offered to read in evidence a case decided at a former term of this Court, for the purpose of showing that the representations of the defendant, which induced the plaintiff to execute the deed, were false, and the Court below excluded it, to which the defendant excepted; *Held*, to be error.

CIVIL ACTION tried at Fall Term, 1876, of CARTERET Superior Court, before *McKoy, J.*

This action was brought for the cancellation of a deed made by plaintiff to defendant, upon the ground of the fraudulent misrepresentation of a fact by the defendant to induce the plaintiff to execute the deed ; and this was the issue submitted to the jury.

It appeared in evidence that certain lands, of which the tract conveyed in said deed was a part, had long been the subject of litigation between one Edward Hill (now dead) and one Matthew Mason, (also dead,) the husband and devisor of the plaintiff, and that an action of ejectment had been brought for the possession of the same, which was taken by appeal to the Supreme Court, and decided in favor of said Mason. See 7 Jones, 551.

The plaintiff's counsel read a portion of this case in the hearing of the jury, His Honor saying that this was not evidence in the case on trial, and asking how it was relevant, the defendant excepting. The decision in this Court is based upon the exclusion of this evidence.

Verdict for plaintiff. Judgment. Appeal by defendant.

No counsel for plaintiff.
*Mr. A. G. Hubbard* and *Mr. H. R. Bryan*, for defendant.

FAIRCLOTH, J. The distinction between those cases in which there is some evidence, and those in which there is none, touching a material matter, is familiar.

In the former case the Court submits the evidence to the jury, with an explanation of the law applicable to the case, but in the latter the Court tells the jury that there is no evidence for them to consider, and at once withdraws it from their consideration.

This rule applied to the present case entitles the defendant to a new trial.

MASON *v.* PELLETIER.

The object of the action is to have the plaintiff's deed to the defendant surrendered and cancelled, on the ground that it had been obtained by the fraudulent misrepresentation of a fact by the defendant in regard to the final determination of a suit by *Edward Hill* v. *Matthew Mason*, in the Supreme Court at some former period.

After some evidence tending to show the defendant's representations, the plaintiff attempted to show their falsity by reading from said case of *Hill* v. *Mason*, when His Honor excluded the evidence, as not being relevant to the case on trial, and in this way left the case with the jury on a material point with evidence of what the defendant said, and without any evidence from which they could know whether his representations were true or false. No better evidence of the finality of the case of *Hill* v. *Mason* could be had than the record itself, and it does not appear that any other was introduced or offered on the question by either party.

There is error. Let this be certified.

PER CURIAM.            Judgment reversed.