JEMIMA MASON v. JEREMIAH J. PELLETIER.

*Practice—Petition to Rehear—When Granted.*

A petition to rehear will be granted when it clearly appears that a former decision of this court resulted from overlooking material admissions in the pleadings of the prevailing party.

PETITION TO REHEAR filed by plaintiff on the 12th of February, 1878, and heard at January Term, 1879, of THE SUPREME COURT.

*Messrs. Gilliam & Gatling,* for plaintiff.
No counsel for defendant.

DILLARD, J.   This is an application to rehear a judgment of this court at June term, 1877, reported in 77 N. C., 52, and in order to understand the grounds of the application it is necessary to recite the following facts:

Edward Hill many years ago sued Matthew Mason for a tract of land, and from the verdict and judgment in the cause, an appeal was taken to the supreme court, and in the supreme court the litigation was ended by a decision in favor of Mason, whereby the land in dispute was decided to belong to him and not to Hill. *Hill* v. *Mason*, 7 Jones, 551. Mason died in 1861, and by will devised the land in controversy between him and Hill to the plaintiff, his widow. Hill sold and conveyed in his life time a large tract of land to the defendant, of which the land in litigation in the said suit was claimed to be a part, but excepted the same in the deed, stipulating to convey it, if he established his title thereto, and agreeing to pay defendant five dollars per acre therefor in case he failed to establish his title.

The plaintiff conveyed to defendant a part of the lands devised to her and which had been the subject of litigation in the said suit of Hill against her husband, and the defendant conveyed to plaintiff a part of the same tract called the "Marsh lands," and the plaintiff alleges that the transaction was induced and brought about by a false and fraudulent representation of defendant, that the suit of *Hill* v. *Mason* had been decided in favor of Hill, in which she confided and believed to be true at the time of executing the deed aforesaid to the defendant; and plaintiff, on finding out the deception and fraud practiced on her in relation to the result of the said suit, brought her action against the defendant for the rescission of the deed she had made to him and for a reconveyance of the land to herself. This action of the plaintiff was tried at fall term, 1876, of Carteret superior court, and judgment given for the plaintiff, and on appeal to the supreme court the cause was heard at the June term, 1877, and the judgment of the court below was reversed for error set forth in the opinion of the court, and a certificate thereof directed to issue to the court below to govern its further action. The error in the judgment of

this court is assigned to be, in that, this court declared that there was no evidence that the fraudulent representations found by the jury to have been made by defendant were false, whereas in point of fact the decision of the suit of *Hill* v. *Mason*, 7 Jones, 551, and the recovery therein by Mason was distinctly averred in the first and second articles of the complaint and expressly admitted in the answer.

On looking into the record of the cause and the case of appeal accompanying the same, it is seen that plaintiff in the first and second articles of her complaint, alleges a suit by Hill against Mason, in Carteret county, and a recovery therein by the defendant, and an appeal to the supreme court and an affirmation of the judgment below, as reported in 7 Jones, 551. The subject matter of that suit is alleged to be a tract of land described in a plat annexed to the record of said case, and the same plat is referred to as descriptive of the land in controversy, in this action. The defendant in his answer expressly admits the first and second paragraphs of the complaint, and thereby in effect admits the existence of the suit referred to, its scope and the result as set forth in the plaintiff's complaint. It was stated in the case of appeal in this action, that on the trial the plaintiff's counsel in his argument to the jury read to the jury a portion of the case of *Hill* v. *Mason*, reported in 7th Jones, when the presiding judge stopped him; and it was thence understood by His Honor delivering the opinion of this court, at June term, 1877, from a hasty perusal of the pleadings, that there was no evidence by which the falsity of the alleged fraudulent representations of defendant could be found, whereas, in truth, on the pleadings, the falsity of the representations, if any were made, was admitted, and not, therefore, an open question. Certainly if on the trial of the issues submitted to the jury it was proved that defendant represented to plaintiff that *Hill* v. *Mason* had been decided in favor of Hill, no evidence was

needed or even pertinent to show the falsity thereof, as it was already admitted in defendant's answer that the decision had been in favor of Mason.

It is the opinion of this court, and we so decide, that the judgment of this court in the case reported in 77 N. C., 52, is erroneous and the same is set aside, and the cause will stand for hearing as on the appeal *de novo.*

Let this be certified to the court below to the end that it may know of the reversal of the judgment at June term, 1877, and of the reinstatement of the appeal on the docket of this court for a hearing to be hereafter had.

PER CURIAM.  Reversed.