JEMIMA MASON v. J. J. PELLETIER.

*Rescinding Deed—Evidence—Practice.*

1. Where an act is performed, even though it be not tainted with illegality or fraud, in ignorance or mistake of facts material to its operation, such act will be set aside in equity, *a fortiori* should such relief be afforded where one who was a near neighbor and regarded as a particular friend to the grantor obtained from an old, infirm and ignorant widow a deed for a tract of land by *untruly* stating to her that the supreme court had decided adversely to her interest an action for such land.

2. It is improper to read to the jury, as evidence on the trial of a cause, a statement of the facts of another case between privies in estate of the litigants, as found in the reports of the supreme cõurt; but where such impropriety is promptly checked and reprobated by the judge, the party cast will not be entitled to a new trial, unless he can show that he was prejudiced by such incipient wrong before the interposition by the court.    The same observations will apply to an unsuccessful attempt to put in evidence a plat of the land of which a reconveyance is sought.

(*Utley* v. *Foy*, 70 N. C., 303 ; *Rush* v. *Steamboat Co.*, 67 N. C., 47, cited and approved.)

CIVIL ACTION for Cancellation of a Deed, tried at Fall Term, 1876, of CARTERET Superior Court, before *McKoy, J.*

The facts are reported in *Hill* v. *Mason,* 7 Jones, 551 ; *Mason* v. *Pelletier,* 77 N. C., 52, and 80 N. C., 66. Judgment below in favor of the plaintiff, from which the defendant appealed.

*Messrs. Green & Stevenson* and *Gilliam & Gatling,* for plaintiff.

*Messrs. H. R. Bryan* and *A. G. Hubbard,* for defendant.

DILLARD, J. This was an action for the cancellation of a deed made by the plaintiff to defendant, and for a reconveyance of the land therein described on the ground of its procurement by the false and fraudulent representations by the defendant of a fact in regard to the final result of a suit by Edward Hill under whom defendant claims against Matthew Mason under whom the plaintiff claims. From the judgment in the superior court, an appeal was taken to this court, and on consideration of the same here, the judgment of the court below was reversed and a new trial ordered as reported in 77 N. C., 52.

Subsequently to the reversal of the judgment aforesaid, a petition was presented to rehear the judgment of this court on the error assigned that the new trial was granted because there was no proof of the falsity of the representations made by the defendant, whereas the decision of the case of *Hill* v. *Mason* was averred in the complaint and admitted in the answer to have been in favor of Mason, and on the hearing of said petition the judgment of this court was set aside and the cause ordered to be reinstated on the docket of this court to be heard as on the original appeal. See *Mason* v. *Pelletier,* 80 N. C., 66. And now the cause comes on to be heard on the error assigned on the record proper and the accompanying case sent up to this court.

The case made by the complaint filed is that many years ago Edward Hill sued Matthew Mason for a tract of land, of which that in controversy in the present action is a part, and at or just before the final determination of the suit they both died, the said Mason having devised the land in litigation to the plaintiff who was his widow, and the said Hill having contracted to convey the same tract to the defendant in case he should establish his title. That the suit was prosecuted to a final decision in the supreme court, wherein it was settled that the land in dispute was the property of Matthew Mason. See *Hill* v. *Mason*, 7 Jones, 551. That after the determination in this court and when both Mason and Hill were dead, the defendant falsely and fraudulently represented to the plaintiff that the result of the action was in favor of Hill, and that he was entitled to the land under him, and threatened her with a suit to turn her out, but would compromise and finally adjust the whole matter by conveying to plaintiff and thereby confirming her title to a part of the tract provided she would convey to him a certain other prescribed part of the same land.

The complaint avers that the plaintiff being old and infirm and ignorant of any decision made of the suit between Hill and her husband, and confiding in the truth of the representations of the defendant, who was a near neighbor and regarded as a friend of the family, assented to the proposition made to her, and she accordingly accepted a deed from the defendant for that part of her own land called the Marsh Lands, and conveyed to defendant her right and title to another part of her own lands which forms the subject matter of the present action.

Upon the trial in the court below, His Honor submitted to the jury the issue,—"was the deed, executed by Jemima Mason to J. J. Pelletier on the 1st day of January, 1869, procured by fraud and by fraudulent representations made by the defendant," and the jury, on the evidence introduced,

and under the charge of the court as to the law, responded
in the affirmative, and from the judgment on the verdict
and the other facts admitted and not denied in the answer,
providing for a cancellation of the deed of plaintiff to de-
fendant and a reconveyance of the title, the appeal is taken.

It is a general rule that equity never takes jurisdiction to
grant relief against a transaction or contract executed, ex-
cept on the ground of accident, mistake or fraud. 1 Story
Eq., §§ 161, 439. Under the head of a mistake of fact, the
rule is that an act done or carried on, though not tainted
with illegality or fraud, in ignorance or mistake of facts
material to its operation will be set aside in a court of equity.
Adams Eq. 188, and 1 Story Eq. § 140 *et seq.*

In this case the ignorance of the plaintiff of how the suit
of *Hill* v. *Mason* had been decided is alleged and not denied
by the defendant, and besides is self-evident from the nature
of the transaction itself. It is impossible to believe that
plaintiff knew that the decision of the suit had been in
favor of Mason, her husband. If she had known that the
settlement of the suit had been favorable to her husband,
and that her title to the land under the will of her husband
was thereby established, she never would have been guilty
of the folly of accepting a deed from defendant and making
one to defendant, under defendant's proposed compromise,
for portions of the tract of land which by the decision of
the court was all her own.

Besides the ignorance of the plaintiff of the true situation
of the case of *Hill* v. *Mason*, the defendant denies in his an-
swer that he ever told plaintiff that the action had been de-
cided against Mason, and the jury, in their response to the
issue submitted to them, in effect find that he did tell her
so, and that by his fraudulent representations defendant had
procured the plaintiff to execute the deed to him, and that de-
fendant knew that his representation as to the result of the
suit between *Hill* and *Mason* was false, is shown forth by the

admission in defendant's answer of the first and second allegations of the complaint, wherein the plaintiff alleges the true result of the suit to have been in favor of *Mason* and not of *Hill*.

Applying the principle of law above stated under the facts as found by the jury and not denied, and admitted in the pleadings, this case is entitled to relief on the ground of both mistake and fraud, and warranted the judgment of rescission and reconveyance pronounced by the court below, unless there be error in the exceptions taken in the progress of the trial, of which we will now consider in their order :

1. It is complained that in the course of the trial, plaintiff's counsel read in the hearing of the jury a portion of the case of *Hill* v. *Mason*, as reported in 7 Jones 551, and that defendant thereby was prejudiced. From the statement of the appeal, it appears that on objection by defendant the court interposed and told the counsel that the book was not evidence in the cause and was not relevant to the cause on trial, and by these remarks of His Honor, then and there made, the jury were sufficiently guarded against the consideration of the book as evidence, and it is not seen how the defendant in anywise suffered any injury. If defendant was in any manner prejudiced by the reading from the printed report of the decision before it was stopped by His Honor, it was the duty of the defendant in the making out of the case of appeal to have pointed out, and wherein he was injured, and it not appearing how or in what manner the defendant was or could have been prejudiced, it is to be intended in support of the verdict and judgment that he was not prejudiced. *Utley* v. *Foy*, 70 N. C., 303 ; *Rush* v. *Steamboat Co.*, 67 N. C., 47.

2. During the trial the plaintiff's counsel handed to the jury a copy of the plat used in the case of *Hill* v. *Mason*, and on objection by defendant His Honor remarked that the plat was immaterial to the issue, and the case of appeal states

that nothing more was said about it until after verdict. The plat was evidently immaterial as remarked· by His. Honor. The only issue then being tried was as to certain false and fraudulent representations by defendant, and the plat had no connection whatever with the investigation and decision the jury were to make.

From the interposition and remark of the judge as to the immateriality of the plat and from the statement in the case of appeal that nothing more was said about it, it is to be intended that no further use was made of it and regard had to it by the jury, and if such intendment was not true, it was the duty of the appellant to bring up his case so as to show some probable injury to his cause. *Utley* v. *Foy*, and cases *supra*.

It is therefore our opinion that the deed of the·plaintiff to the defendant as adjudged in the court below, was obtained by fraud, and that the same be surrendered and canceled, and as the same may have been registered and therefore operative to have passed the title, the defendant will reconvey to the plaintiff the title to the·land in said deed contained. On application the plaintiff may have process for the delivery of possession of the land, and on service on defendant of the process in this cause the defendant will reconvey the land as ordered, or in default thereof leave will be given the plaintiff to compel the same by the proper proceedings in contempt.

No error.                                    Affirmed.