*STEPHEN DAY and others v. JAMES R. DAY and others.

*Reforming Deed—Purchasers—Statute of Limitations.*

1. Where a deaf and aged father makes a deed to his son, in whom he reposes confidence, conveying a tract of land in fee, but omitting either by the mistake or contrivance of the son, under whose direction the deed was drawn, to reserve a life estate to the grantor, an equity arises in favor of the father to have such instrument reformed in accordance with the original intention of the parties.

2. A third person to whom the son conveys such land in trust to pay his debts is a purchaser for value, but takes the land subject to the equity which had attached to it in the hands of his grantor.

3. The relief asked by the father in this case, being entirely of an equitable nature, is not barred by the statute of limitations (C. C. P., § 33, 9) until after the lapse of three years from the discovery by the plaintiff of the fraud upon his rights.

(*Newsom* v. *Bufferlow*, 1 Dev. Eq., 379 ; *Pugh* v. *Brittain*, 2 Dev. Eq., 34 ; *Brady* v. *Parker*, 4 Ired., 430 ; *McKay* v. *Simpson*, 6 Ired. Eq., 452 ; *Clemmons* v. *Drew*, 2 Jones, Eq., 314; *Mason* v. *Pelletier*, 82 N. C., 40 ; *Hunt* v. *Frazier*, 6 Jones Eq., 90 ; *Potts* v. *Blackwell*, 3 Jones Eq., 449 ; *Small* v. *Small*, 74 N. C., 16 ; *Crowder* v. *Langdon*, 3 Ired. Eq., 476 ; *Wilson* v. *Land Co.*, 77 N. C., 445, cited and approved.)

CIVIL ACTION to correct a deed tried at Fall Term, 1880, of PERSON Superior Court, before *Eure, J.*

Judgment upon the " case agreed " was rendered in favor of plaintiff, from which the defendant trustee (Briggs) appealed.

*Messrs. Graham & Ruffin*, for plaintiff.
*Messrs. Reade, Busbee & Busbee*, for defendant.

SMITH, C. J. On September 4th, 1876, the plaintiff, Stephen S. Day, then advanced in age, deaf and reposing

---

*Ruffin, J., was of counsel and argued this case before his appointment as associate justice.

implicit confidence in his son, the defendant, James R. Day, his wife joining with him in the act, conveyed to the said James R. Day, for no valuable consideration, the tract of land described in the complaint. The deed therefor was prepared by direction of the son and under an agreement between them that it should be so drawn as to reserve a life estate in the land to the plaintiff, and he supposed when the deed was executed that it contained such provision. It was not read over to the plaintiff, nor did he require this to be done, fully relying upon the integrity and business capacity of the son to carry out their common understanding and intent in the form of the instrument to be executed. Nor did the plaintiff know of the omitted reservation.

On December 31st, 1879, the defendant, Day, being insolvent, conveyed all his estate, real and personal, including the land thus acquired, except the exemptions allowed him by law, to the defendant, P. M. Briggs, in trust to secure his various creditors; the latter having no notice at the time of any mistake or omission in the plaintiff's deed, nor of any equity vested in him for a reformation of any of its provisions. Upon these facts, admitted by counsel of both parties, the court was of opinion that the plaintiff was entitled to have the deed corrected and reformed so as to carry out the purpose contemplated in its execution and secure to the plaintiff an estate in the land for his life; and to this end adjudged that the defendant, Briggs, re-convey and assure such life estate therein to the plaintiff, and that the costs of this action be a lien upon the reversionary interest remaining in the trustee.

The cases cited for the plaintiff in the brief of his counsel abundantly support the general proposition that contracts executory and executed under a mutual mistake, when the proof is full and clear, will be relieved against and reformed in a court of equity, so as to effectuate the real intent of the parties.—*Newsom* v. *Bufferlow,* 1 Dev. Eq., 379; *Pugh* v. *Brit-*

tain, 2 Dev. Eq.; 34; *Brady* v. *Parker*, 4 Ired. Eq., 430; *McKay* v. *Simpson*, 6 Ired. Eq., 452; *Clemmons* v. *Drew*, 2 Jones Eq., 314; *Mason* v. *Pelletier*, 82 N. C., 40.

The jurisdiction to reform deeds is not exercised, however, unless the transaction is based on a valuable or *meritorious consideration*. *Hunt* v. *Frazier*, 6 Jones Eq., 90.

The extension of this equitable doctrine to the present case was not disputed upon the hearing, but it was contended that the defendant, Briggs, is a purchaser of the land for a valuable consideration, and without notice of any infirmity in the deed, and takes the estate free from the plaintiff's equity. For this is cited *Potts* v. *Blackwell*, 3 Jones Eq., 449, and the same case re-heard and reported in 4 Jones Eq., 58, as well as other cases.

This case does sustain the proposition that a trustee or mortgagee of land conveyed to secure pre-existing debts is "a purchaser for a valuable consideration within the provisions of the 13th and 27th of Elizabeth;" but it is at the same time declared that "they take subject to any equity that attached to the property in the hands of the debtor, and cannot discharge themselves from it on the ground of being purchasers without notice, in like manner as a purchaser at execution sale takes subject to any equity against the debtor, without reference to the question of notice."

The same doctrine is announced by the same eminent judge in *Small* v. *Small*, 74 N. C., 16, thus: "The counsel of the defendants did not refer to any case or give any reason in support of the position that a creditor who takes a deed of trust conveying a tract of land to secure an existing debt, stands in a better condition than the debtor in regard to an equity which has attached to the land in the hands of the debtor. The creditor who takes a deed of trust is not out of pocket one cent; *so he stands in the shoes of the debtor and takes subject to any equity binding the land in the hands of the debtor.*"

It is manifest then that the defendant, Briggs, stands in no better position to contest the plaintiff's demands for relief than the grantor from whom his title is derived, since neither he nor the creditors have parted with anything of value in obtaining this security for their debts.

Nor in our opinion will the objection prevail, which imputes to the plaintiff a culpable inattention to his interests, in executing an instrument without examining into its character, and inexcusable delay in making the discovery of its defects.

It is true, as remarked by NASH, J., speaking for the court in *Crowder* v. *Langdon*, 3 Ired. Eq., 476, that "where the fact is equally unknown to both parties, or where each has equal and adequate means of information, or where the fact is doubtful from its own nature, in any such case, if the party has acted with entire good faith, a court of equity will not interfere." But the rule thus laid down does not meet the facts of this case. The relation of the parties with the attending circumstances will excuse and account for the want of that vigilance and care which are expected and required in the ordinary dealings of men with one another, and precludes any demand for the aid of the court. The same unsuspecting confidence which evidenced the execution of the deed without scrutiny of its contents and prevented enquiry afterwards, seems to have received the first rude shock when he was about to be deprived of his home and discovered it was not secured to him in the deed. The laches, if such it may be called, ought not to deprive the plaintiff of that estate which he had supposed was and which ought to have been provided, according to the mutual understanding of both, in the deed itself.

It does not expressly appear that the omission to insert the agreed reservation was not known to the son, and if it was, it would be a fraud practiced upon the father equally entitling him to relief after its discovery, *Wilson* v. *Land Co.,*

77 N. C., 445, and the statutory bar will run only from that time.   C. C. P., § 33 (9).

The plaintiff alleges that the discovery of the fraud or omission was not made until after December 31st, 1879, when the deed in trust was executed, and as this averment is not controverted, we must assume it to be true.   If the form of the deed was the result of mutual mistake, the enforcement of it by the benefitted party would be a fraud upon the other; and so, as well as in case of actual fraud, the remedy would be equally open under the statute.

There has then been no such delay and inattention on the part of the plaintiff, nor does the statute intervene to deny to the plaintiff the remedy for the correction of his deed, so that it shall conform to the intentions of both, and be in effect what it was meant to be in form.

There is no error and the judgment must be affirmed.

No error.                                          Affirmed.