J. H. WILSON, Jr., and wife v. C. J. LINEBERGER.

### Rehearing.

Applications for a rehearing under Rule 12, 89 N. C., 606, are based only upon alleged errors in law and newly discovered evidence, and, therefore, such proceeding is not the proper mode of asserting a claim to uncollected assets not included in the former account of the party to be charged.

PETITION by plaintiffs to rehear filed November 12th, 1883, and heard at February Term, 1884, of THE SUPREME COURT.

*Messrs. Wilson & Son,* for plaintiffs.
*Messrs. Jones & Johnston* and *N. Dumont,* for defendant.

SMITH, C. J. The error assigned consists in our overlooking the evidence of the solvency of L. A. Mason, a debtor to the partnership, against whom judgments had been recovered, furnished in his returns of taxable property, when passing upon the defendant's responsibility for the entire indebtedness, which, if well founded, cannot be corrected in this method of proceeding. Applications for a rehearing are confined to alleged errors in law, or are sustained on the ground of newly discovered evidence. Rule 12, 89 N. C., 606.

In the former opinion (88 N. C., 416), the defendant was to be held liable for so much only of the judgments against this debtor as had been collected by the defendant, and of course exonerating him from personal accountability for the residue, since it did not appear that any detriment had come to the firm from the omission to collect that. The fund did not thereby become his, but continued to belong to the firm as before, and future collections made would inure to the common benefit of all the partners. We merely determined that the defendant should not *then* and in that account be charged with uncollected sums still due, having reference to the time of the rendering the account by the commissioner.

The judgment disposes of the defendant's administration of copartnership matters and his personal accountability for the results of acts and omissions entailing loss or harm to the associate members, but leaves the uncollected assets, from which moneys might thereafter be realized, to be distributed among them. Our ruling is that which ought to have been made by the judge and originally by the commissioner, upon the facts then existing and the evidence before him.

There is no obstacle to a further accounting for moneys of the firm subsequently collected by the defendant and for which he has not been already made responsible, but the present is not the appropriate mode of reaching them.

The decree heretofore made will, if necessary, be so modified as not to conclude the plaintiffs, from asserting their claims to such further moneys derived from the partnership resources and not included in the account, as may have come or may come into the hands of the defendant. In all other respects the judgment must be affirmed.

Modified.