W. H. WEATHERSBEE and wife SALLIE F., and H. L. STATON, Jr., v. O. C. FARRAR.

*New Trial—Petition to Rehear.*

While the Supreme Court may grant a new trial for newly discovered evidence, and will grant a rehearing because of error in law committed by it, or when it is made to appear that it has overlooked or misapprehended some material fact apparent in the record, it will not do so for any error or mistake of *fact*, nor error of law not assigned in the case on appeal.

(*McDonald* v. *Carson*, 95 N. C., 377; *Mason* v. *Pelletier*, 80 N. C., 66; *Wilson* v. *Lineberger*, 90, N. C., 180; *Lockhart* v. *Bell*, Ibid., 502; *Barcroft* v. *Roberts*, 92 N. C., 249; cited and approved).

This is a petition by defendant to rehear a case on appeal determined at February Term, 1887.

*Mr. J. B. Batchelor*, (*Mr. John Devereux, Jr.*, was with him,) for the plaintiffs
*Mr. E. R. Stamps*, for the defendant.

MERRIMON, J. This is an application to *rehear*, upon the alleged ground that the opinion of the Court is erroneously founded upon the material fact that the crop was embraced in the mortgage in question executed in favor of the *feme* plaintiff by her husband, her co-plaintiff in the action, whereas in fact, as is alleged in the petition, it sufficiently appears by the record that the crop was not embraced by it.

Upon a careful re-examination of the record, we are constrained to still declare that it appears in it that the crop referred to was embraced by the mortgage mentioned, however the fact apart from the record may be.

In the course of the action it was referred to a referee to take and state the account, and he found as a fact that the mortgage in favor of the *feme* plaintiff embraced "all the

chattel property named in the mortgage to the defendant, (the present petitioner) of the 18th of February, 1882," and he further found by his report as one of his conclusions of law : "1. It being the fact that W. H. Weathersbee had mortgaged the cotton crop by second mortgage, dated the 4th March, 1882, (that in favor of *feme* plaintiff) he had no right to authorize the application of the proceeds of the 13 bales cotton delivered October 14th, 1882, to any other than the first mortgage debt, and he holds that the proceeds must be applied to the $3,500 note," that is, the note of the petititioner secured by the mortgage in his favor, and not to his unsecured debt.

Moreover, the whole account, as stated and reported by the referee, is based in all respects (where it became material) upon this important finding, and as a consequence he charged the defendant in the action (the present petitioner) with the proceeds of the whole crop, to be applied to his debt secured by the first mortgage and not to his unsecured debt—money supplied by agreement with the husband plaintiff.

Nor did the defendant except to the findings of fact and law made by the referee, upon the ground that he had so found the fact to be. Nor did the Court in reviewing the findings of fact and law of the referee upon the exceptions of the defendant to his report, find that the fact in question had been improperly found, and find it to be otherwise. It is true, the Court found in paragraph six of its findings, " That there is error in charging the defendant with cotton and cotton seed *sold at the sale,* the same not being covered by Mrs. Weatherbee's mortgage." But this cotton and cotton seed do not appear to have been a part of the cotton crop embraced by the mortgages referred to, or either of them, or that the Court so found. If it had done so, and if it had reversed or intended to reverse the finding of fact by the referee, that the crop was embraced by the mortgage in favor of the *feme* plaintiff, then it would have

changed the basis of the whole account, and given a far different final judgment from that given.

Clearly the fact appeared in the record as we accepted and acted upon it, and we could only take action upon the record and be governed by the facts as they appeared in it. This is too manifest to admit of question.

The counsel for the petitioner insists earnestly that the fact was otherwise than as it appears. If so, we regret that the truth did not appear as·it should have done, but it was the laches or misfortune of the petitioner that he did not make it appear, as he might have done, in apt time. He had his day in Court, and the largest opportunity to do so. We are not now at liberty to set aside the judgment, open the case anew, re-settle the facts and give a new judgment. This is what we are in effect asked to do. Reason, justice, uniform practice and precedent, forbid such a course of procedure. It is the well settled rule of practice in this Court that it will not *rehear* upon the ground of mistake or error of fact. Rule 12; *Wilson* v. *Lineberger*, 90 N. C., 180; *Lockhart* v. *Bell, Id.,* 502; *Barcroft* v. *Roberts,* 92 N. C., 249. It would be otherwise if the Court overlooked or misapprehended a fact or facts appearing in the record. *Mason* v. *Pelletier*, 80 N. C., 66.

Nor will this Court rehear upon errors alleged in the petition that were not assigned in the case stated or settled upon appeal. Only alleged errors in law will be reviewed upon such rehearing, or a rehearing may be had for newly discovered evidence. *Rule* 12, *supra; McDonald* v. *Carson*, 95 N. C., 377. Generally, the purpose of a *rehearing* is to have corrected some error, of this Court in passing upon errors of law assigned in the record of the appeal, whether such error arose from a misapprehension of the law or a misapplication of it to the pertinent facts appearing in the record in connection with the errors assigned.

What remedy, if any, the petitioner has, if the fact in question be as he alleges, we are not called upon, nor would

17

it be proper for us to suggest. That is the office of counsel.
The petition must be dismissed.

Dismissed.