E. H. JEFFERSON ET AL. v. ROANOKE RAILROAD AND LUMBER COMPANY.

(Filed 18 February, 1914.)

1. Deeds and Conveyances—Reformation—Limitation of Actions—Interpretation of Statutes.

To reform a deed for mutual mistake, the cause of action accrues when the mistake is discovered or should have been in the exercise of ordinary care, and is barred three years thereafter. Hence, in an action to reform a timber deed for an alleged mutual mistake of the parties, so as to incorporate therein an agreement of the grantee that the land was only to be once cut over, and that the right to cut should cease when he moved away from the land, the statute of limitations will run three years after the plaintiff had knowledge of the mistake alleged. Revisal, sec. 395, subsec. 9.

2. Deeds and Conveyances—Timber—Adverse Possession—Consistent Occupancy.

The statute of limitations will only run against a title to or an interest in lands when the occupation of the property or the enjoyment of the right is hostile to the right of the adverse

claimant or in some way antagonistic to it; and such adverse use or occupation is not shown when the owner of lands reserves the timber of a certain dimension standing thereon and conveys the land itself, and the grantee enters upon the lands and uses the same for farming or other like purposes consistent with the right of the grantor to the timber reserved. As to whether the plaintiff's evidence in this case is sufficient to show mutual mistake, or to aid him were it established, *Quære.*

3. Limitation of Actions — Adverse Possession — Evidence — Occasional Trespass.

In this case the grantor of a large tract of more than 200 acres reserved the right to the timber of a certain dimension growing thereon, and the grantee entered thereon and used the same for farming or like purposes. There was evidence tending to show that the grantee at one time entered upon the lands and cleared some 15 or 20 acres, and that he or his assignee cut down several trees that were merchantable timber; also, that upon another occasion he cleared about 4 or 5 acres more of the land. Upon the plea of the statute of limitations by the grantor, it is *Held*, that the grantee has not established such an invasion of the grantor's rights, or such possession or enjoyment opposing his interest, as would stay the effect and operation of the statute.

APPEAL by plaintiff from *Bragaw, J.,* at October Term, 1913, of BEAUFORT.

Civil action to correct mistake in deeds and to recover damages for the alleged wrongful cutting of timber.

At close of plaintiff's evidence, on motion of defendant, there was judgment of nonsuit, and plaintiffs excepted and appealed:

*Ward & Grimes for plaintiff.*
*A. O. Gaylord, A. D. MacLean, and W. B. Rodman, Jr., for defendant.*

HOKE, J. On 27 July, 1912, plaintiffs, claiming a portion of the land involved in this controversy as heirs at law of D. A. Jefferson, deceased, and the residue as grantees of said D. A. Jefferson, instituted the present action to correct two deeds, one from D. A. Jefferson to defendant company, extending the time to cut certain timber, purchased and owned by the company, on the home place of said Jefferson, five years from 11 May, 1903,

and the second a deed from defendant company to Jefferson, dated 25 February, 1903, for certain other tracts of land, known chiefly as the Gurganus lands, in which last mentioned deed plaintiff excepted all the timber on said land down to 4 inches in diameter at the base when cut and all such timber as would attain such size during the ten years from date, the time allowed for cutting and removing the timber excepted. This deed contained minute and extended stipulations conferring on the company the right of entering on said land, building all necessary roads, etc., cutting and removing said excepted timber, as stated, at any time within ten years from the making of the deed. In said action plaintiffs also sought to recover damages from defendant by reason of the alleged wrongful cutting of timber on said lands.

From the facts in evidence, it appeared that defendant had purchased and owned the timber on the home place of D. A. Jefferson and the time for cutting the same was about to expire when defendant company, having bought certain other lands, amounting to 200 acres and over, being the Gurganus lands and others, and, on 25 February, 1903, for recited consideration of $400, sold and conveyed these lands to D. A. Jefferson, excepting the timber down to 4 inches when cut, and stipulating for the right to cut and remove timber at any time within ten years, and also all timber that should attain such size at any time during the period of ten years. As a part of the consideration for this conveyance, D. A. Jefferson made a deed extending for five years the right to cut the timber on the D. A. Jefferson home place, etc. That soon after the execution of these deeds defendant company cut over a portion of the lands conveyed, lying on the south side of the road that divided the property, but did not cut any on the portion lying north of the road and amounting to 100 or 125 acres; it appearing that another lumber company held timber rights on that portion which had not then expired. These rights having expired, defendant company, in 1912, went back on the land and cut over this 100 acres north of the road, and also a small portion on the south side, about 5 per cent of the whole and within the dimensions specified in the contract.

Plaintiffs then instituted the present suit, claiming, in effect, that it was a part of the contract and agreement between the company and D. A. Jefferson that the land was only to be cut over one time, and that when the company ceased cutting and moved away from the land, any and all rights in the timber should cease, and that the stipulation of the contract was left out of the deeds by mutual mistake of the parties, and was not discovered by them till several months after the deeds were executed. There was also evidence on the part of plaintiffs that, shortly after defendant company cut over the land south of the road, one of plaintiffs cleared some 15 or 20 acres of that land, and he or his assignee cut down several trees that were merchantable timber, and, in 1904 or 1905, another of the plaintiffs cleared 4 or 5 acres north of the road. It does not distinctly appear whether this clearing was during the life of the other lumber company's claim or not.

There is doubt if the plaintiffs have offered evidence to show that the stipulations under which plaintiffs make their claim was omitted from the deed by the mutual mistake of the parties, or that it would aid plaintiffs if such mistake were established. According to the testimony, the defendant company had never cut over, even one time, the portion of land lying north of the road, within the meaning of these contracts as ordinarily expressed (*Davis v. Frazier,* 150 N. C., 448) ; but if both positions be conceded to plaintiffs, we are of opinion that they have been properly nonsuited. If the deeds stand as they are now clearly written, the defendant company was well within its rights in cutting over the land in 1912, and in order to a recovery it is essential that the deeds in question should be corrected by reason of the alleged mistake, a cause of action which arises when the mistake is discovered or should have been in the exercise of ordinary care, and is barred within three years from the time the same accrues. Revisal, 395, subsec. 9; *Modlin v. R. R.,* 145 N. C., 218; *Peacock v. Barnes,* 142 N. C., 215; *Bonner v. Stotesbury,* 139 N. C., 3.

According to the allegations of the complaint and the admitted facts, the mistake, if any, occurred in July, 1903, and was

165—4

fully known to the parties within a few months thereafter. The present action was not commenced till 27 July, 1912, and, the statute having been properly pleaded, plaintiff's claim is thereby barred.

It is urged for plaintiffs that the statute should not prevail against them in this instance by reason of their continuous occupation of the property and the assertion of a claim thereon in contravention of defendant's estate. There are several decisions with us, and they are in accord with doctrine prevailing elsewhere, that the statute of limitations will not run against one in possession of the property, as in *Porter v. White*, 128 N. C., 42; *Mask v. Tiller*, 89 N. C., 423; *Stith v. McKee*, 87 N. C., 389, etc.; but the principle in question obtains, as a rule, when the occupation of the property or the enjoyment of the right is hostile to the adverse claim or in some way antagonizes it. It is in the nature of a corollary of the more general doctrine of acquiescence or abandonment on the part of the adverse claimant, and should not prevail when the occupation or possession is uniformly consistent with the other's interest, or the invasion at most only amounts to occasional and wrongful interferences with it. This is well illustrated in the case of mines and mineral interests after severance from the general ownership of the property and in which the occupation of the surface by such owner after severance is held not necessarily or usually to antagonize the special interest; a position recently applied by this Court in a well considered opinion by *Associate Justice Brown*, in *Hoilman v. Johnson*, 164 N. C., 268, and citing, among other authorities, *Wallace v. Elm Grove Coal Co.*, 58 W. Va., 449, and *Plant v. Humphries*, 66 W. Va., 88. From a perusal of the facts in evidence, it will appear that defendant company, in conveying this property, excepted the timber interest thereon, reserving the right to cut and remove the same at any time within ten years. Defendants entered and cut over a distinct portion of the property, that on the south side of the road, in 1903, not entering on the north side at that time by reason of a timber interest then existent in another company. When this interest expired, in 1912, it entered and cut the timber on the

northern part of the tract, cutting also a small amount of merchantable timber on the south side which had been left in 1903. The right reserved and clearly expressed on the face of the instrument was fully known to plaintiffs and those under whom they claim within a few months after the execution of the deed, in February, 1903, and plaintiffs have made no allegations of any mistake nor taken any steps towards having same corrected from that time till 1912, nine years or over. Plaintiffs bought the property and held it with a view to farming purposes, and it was not shown that the clearings made by them were inconsistent with the purposes for which they held possession or that the cutting of a few timber trees was such an interference as would destroy or tend to destroy the estate or interest of defendant in the residue of the timber. On the facts in evidence, the plaintiffs, in our opinion, have established no such invasion of defendant's rights or no such possession or enjoyment of an opposing interest as would stay the effect and operation of the statute, and the order of nonsuit is

Affirmed.