AMY S. EWBANK v. A. J. LYMAN AND WIFE, JULIA E. LYMAN.

(Filed 22 December, 1915.)

**1. New Trial—Limitations of Actions—Appeal and Error.**

A new trial for error committed will not be granted on appeal unless it will serve a good purpose; and when it appears that the statute of limitations has been properly pleaded and from the admitted facts the cause of action is therein barred, it will not be granted on plaintiff's behalf.

**2. Limitation of Actions—Fraud—Discovery—Statutes.**

Applying Revisal, sec. 395, subsec. 9, to an action to set aside a deed to lands made by the husband to the wife for fraud on the former's creditors, the provision that "the cause of action is not deemed to have accrued until the discovery by the aggrieved of the facts constituting the fraud," by correct interpretation is held to mean until the impeaching facts should have been discovered in the exercise of reasonable business prudence.

**3. Same—Constructive Notice.**
> While the mere registration of deed to lands from a husband to his wife will not usually be imputed for constructive knowledge that it was done in fraud of the husband's creditors, it may be otherwise regarded when taken in connection with other relevant circumstances, as where the deed has been registered for eleven years in the proper county before the institution of the action; that plaintiff had foreclosed her mortgage securing her demand, but with partial results; the defendant had renewed his obligation to her several times, being unable to pay it; that there were numerous encumbrances on his property, and that she had visited the county for the purpose of investigation and had full opportunity of ascertaining the facts, all of which occurred a long time prior to the three-year period prescribed by Revisal, sec. 395, subsec. 9; and under the circumstances of this case it is held that the failure of the plaintiff in not sooner investigating the records was such negligence as will be imputed to her for knowledge, and bar her cause of action.

**4. Limitation of Actions—Nonresidents—Statutes.**
> Revisal, sec. 396, refers to the absence of the debtor from the State, and the statute of limitations does not apply to him for the reason that he is not within the jurisdiction of the court and its process. Therefore a nonresident creditor who seeks to set aside a deed of his debtor for fraud is not excused by his absence for not complying with the provisions of Revisal, sec. 395, subsec. 9, requiring that he must bring his action within three years from the discovery of the fraud.

APPEAL by plaintiff from *Webb, J.,* at January Term, 1915, of BUN-COMBE.

Civil action to set aside a deed on the ground of fraud, made by A. J. Lyman to his wife and codefendant, and subject the property conveyed therein to the payment of a judgment held by plaintiff against said A. J. Lyman.

At the close of the plaintiff's evidence, on motion of defendant, there was judgment of nonsuit, and plaintiff excepted and appealed.

*Bourne, Parker & Morrison and T. F. Davidson for plaintiff.*
*Jones & Williams for defendant.*

HOKE, J. We consider it unnecessary to refer to several of the interesting questions presented on the argument, being of opinion that, on the evidence, in any aspect of it, the plaintiff's cause of action, if she had one, is barred by the statute of limitations; and the statute having been properly pleaded and the admitted facts showing that plaintiff's claim is barred, as stated, it would serve no good purpose to grant a new trial, and the judgment of nonsuit must be affirmed.

The conditions under which the principle is applied and the limitations upon its operation will be found discussed in *Oldham v. Rieger,* 145 N. C., pp. 254 and 259; *Cherry v. Canal Co.,* 140 N. C., 422; *Shackelford v. Staton,* 117 N. C., 73, and the basic reason for the course indicated is stated in *Cherry's case,* quoting in part from 2 Am. and Eng. Pl. and Pr., p. 500, as follows: "This system of appeals is founded on

public policy, and appellate courts will not encourage litigation by reversing judgments for technical, formal, or other objections which the record shows could not have prejudiced the appellant's rights." The decided cases in this and other jurisdictions support this position. In *Butts v. Screws,* 95 N. C., 215, *Ashe, J.,* for the Court, says: "A new trial will not be granted when the action of the trial judge, even if erroneous, could by no possibility injure the appellant." See, also, *Ratliff v. Huntly,* 27 N. C., 545; *Fry v. Bank,* 75 Ala., 473.

It may be well to note that, in *Oldham's case, supra,* where the Court declined to act on the principle, the statute of limitations had not been pleaded, and the facts upon which its application depended were in dispute between the parties.

Recurring, then, to the record, it appears from evidence offered by the plaintiff that on 7 May, 1895, A. J. Lyman, male defendant, executed to his wife a deed conveying a large amount of real estate in and near the city of Asheville, being the property which plaintiff seeks to subject to payment of his claim, for a recited consideration of $18,000, which deed was then duly acknowledged and registered; that later, in 1898, said A. J. Lyman executed another deed to his wife for a recited consideration of $5, purporting to confirm the former deed. It further appeared that, in December, 1892, plaintiff had loaned defendant A. J. Lyman $1,000, taking his note therefor, secured by deed of trust on real property, and this having been foreclosed and the property bought in by plaintiff at $200, she instituted suit against her debtor and, at December Term of Buncombe Superior Court, 1897, recovered judgment for the balance due on her note, $881.16, with interest from August, 1897, and same was docketed in said county, and no part of it had been paid; that about the time of the rendition of plaintiff's judgment and prior to that time said A. J. Lyman was embarrassed with debt and much of his property encumbered by mortgages and liens to different parties, and that this was known to plaintiff's representatives and agents and, to some extent, to plaintiff herself. Speaking to her debt and her dealings with defendant, plaintiff, among other things, testified as follows: "That she lived in Greenville County, South Carolina, in 1892, and in Greenville, S. C., in 1895; that she has been living there ever since, and is the plaintiff in this case; that she first learned of the deed made by A. J. Lyman to his wife on 18 August, 1904; that she went up to look at the property some time before that, but cannot recall the date; that Lyman was to pay this debt of hers the year after witness loaned the money, but he continued to ask for extensions; he asked her to renew it; he asked for the extension because he wished to keep it on there, he wished to keep the money; and asked witness to let him have it on 6 per cent; he could not pay it, and still kept it; that he has never paid it, and it was necessary for witness to foreclose the deed in trust

and she obtained a judgment for the deficiency, and Lyman never has paid a cent since she got the judgment."

It would not serve to promote the suit of plaintiff to set aside the deed of 1898 if the one of 1895 is to be considered a valid instrument, and there is some doubt if the impeaching allegations in plaintiff's complaint can be properly referred to the deed of 1895; but if this be conceded, we are of opinion, on the above stated facts, disclosed in the development of plaintiff's case and relied upon by her to establish it, that her cause of action, if one existed in her favor, is barred by the statute of limitations, whether the ten-year statute, as contained in Revisal, secs. 391 and 399, or the three-year statute, sec. 395, subsec. 9, is to be considered as controlling on the rights of the parties.

It is insisted for plaintiff that the three-year statute, subsec. 9, *supra,* is applicable, which provides that actions for relief on the ground of fraud or mistake are barred in three years, "the cause of action not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake," and this by reason of her own testimony to the effect that she did not ascertain the existence of these deeds from A. J. Lyman to his wife until some time in 1904, something over two years before the commencement of the present suit.

The authorities seem to hold, as plaintiff contends, that the three years statute is the law properly applicable to the facts presented, *Tuttle v. Tuttle,* 146 N. C., pp. 484-493; *Hooker v. Worthington,* 134 N. C., 283; *Day v. Day,* 84 N. C., 408; but the position of plaintiff concerning it cannot be sustained, for, under authoritative decisions here and elsewhere construing this and similar statutes, it has been very generally held that these words, "the action not to be deemed to have accrued until the discovery of the facts constituting the fraud," etc., by correct interpretation mean until the impeaching facts were known or should have been discovered in the exercise of reasonable business prudence. *Jefferson v. Lumber Co.,* 165 N. C., 49; *Sinclair v. Teal,* 156 N. C., 458; *Peacock v. Barnes,* 142 N. C., 215; *Township v. French,* 40 Iowa, 601; *Shain v. Sresovich,* 104 Cal., 402; Pomeroy's Eq. Juris. (3 Ed.), sec. 917, note 2.

In *Peacock v. Barnes, supra,* speaking to the position and the principle upon which it may be made to rest, the Court said: "A man should not be allowed to close his eyes to facts readily observable by ordinary attention, and maintain for his own advantage the position of ignorance. Such a position would enable a careless man, and by reason of his carelessness, to extend his right to recover for an indefinite length of time, and thus defeat the very purpose the statute was designed and framed to accomplish. In such case a man's failure to note facts of this character should be imputed to him for knowledge, and in the absence of any active or continued effort to conceal a fraud or mistake or some essential

facts embraced in the inquiry, we think the correct interpretation of the statute should be that the cause of action will be deemed to have accrued from the time when the fraud or mistake was known or should have been discovered in the exercise of ordinary diligence."

True, as indicated in *Tuttle v. Tuttle, supra,* and *Stubbs v. Motz,* 113 N. C., 458, the mere registration of a deed will not usually, in these and like cases, be imputed for constructive knowledge; but in the present case the deed under which *feme* defendant claims and now holds this property had been on the registry in the proper county for more than eleven years before this action was instituted, and plaintiff's judgment had been docketed in the county since 1897. She had herself foreclosed a deed of trust on a portion of defendant's property, realizing only a small portion of her debt, and, having recovered judgment for the balance due, she had not been able to collect anything on her claim. There were numerous other encumbrances and liens existent on defendant's realty, and she states that she had herself visited Asheville some time before to look over his property, etc., and the facts in reference to defendant's embarrassed condition were fully known to her and her agents or were readily ascertainable. Under these conditions, we are constrained to hold that there was negligence on the part of plaintiff in not having sooner examined the records and ascertained the existence of the deeds of *feme* defendant, and that such negligence will be imputed to her for knowledge, and, under the principle of the cases cited, her cause of action accrued much more than three years before action brought.

The suggestion that the statute of limitations does not apply because of a plaintiff being a nonresident is without merit. In this respect the statute, Revisal, sec. 396, refers to the absence of the debtor from the State, and for the reason that he is not for the stated time within the jurisdiction of the court and its process. In its express terms and its purpose the provisions of the section have no application to the creditor's being absent. He can come into the territory of the debtor's residence and sue in its courts whenever he may desire, and there is no reason for such a statute in his favor.

There is no error in the judgment of nonsuit, and the same is
Affirmed.