W. S. RHODES and D. G. MATTHEWS, Trading as SLADE, RHODES & COMPANY, v. HENRY TANNER, JOE PURVIS, and His Wife, LUCY PURVIS, JAMES R. PURVIS, ANNIE LEE PURVIS, ERNEST T. PURVIS, BOOKER T. PURVIS, OLLIE V. PURVIS, JOE PURVIS, JR., and WHEELER MARTIN, Guardian Ad Litem of the Six Defendants Last Named, Who Are Minors.

(Filed 25 September, 1929.)

1. **Appeal and Error G b—Exceptions not discussed in briefs are deemed abandoned on appeal.**

   Exceptions upon the trial and taken in the record on appeal are abandoned when they are not discussed in appellant's brief. Rule 28.

2. **Fraudulent Conveyances A j—In action to set aside deed the innocence of grantees not material when they gave no consideration.**

   Where a father having a remainder in land after a life estate conveys by deed his interest in the land to his children, and in an action to set aside the deed for fraud against a creditor of the father the jury finds that there was no consideration for the deed, the fact that the children were not of sufficient age to have participated in the fraud is immaterial.

3. **Limitation of Actions B b—Registration of deed for over three years does not bar action to set it aside under facts of this case.**

   The mere fact that a deed sought to be set aside by a creditor for fraud had been registered more than three years next preceding the time of action commenced is not alone sufficient to bar an action by a creditor to set it aside for fraud when the debtor remained in continuous possession

as owner and at the time of mortgaging the land to the creditor to secure a note given for the debt the debtor falsely represented that there were no encumbrances on his title, under such circumstances it not being required that the creditor receiving the mortgage search the record in the office of the register of deeds, there being nothing to put an ordinarily prudent man upon inquiry, and the question of imputed notice under the circumstances is for the jury. C. S., 441, sec. 9.

APPEAL by defendants other than Henry Tanner from *Moore, Special Judge,* at April Term, 1929, of MARTIN. No error.

Action to have two certain deeds executed by defendant, Joe Purvis, the first conveying the land described therein to the defendant, Henry Tanner, and the second conveying the same land to the other defendants, the wife and children of Joe Purvis, adjudged null and void, for that both said deeds were executed without consideration, and with the purpose to hinder, delay and defraud the plaintiffs, to whom the said Joe Purvis was indebted at the date of each deed.

The deed to defendant, Henry Tanner, was executed on 4 March, 1920; the deed to the other defendants was executed on 28 March, 1921. Both deeds were duly and promptly recorded. This action was begun against defendants, Henry Tanner and Joe Purvis on 14 May, 1926, against the defendant, Lucy Purvis, on 11 September, 1928, and against the other defendants on 4 December, 1928. Defendants other than Henry Tanner and Joe Purvis were made parties by an order entered while the action was pending.

The issues submitted to the jury were answered as follows:

1. In what amount, if any, was defendant, Joe Purvis, indebted to plaintiffs on 4 March, 1920?   Answer: $1,547.57.

2. Was the deed from Joe Purvis and wife to Henry Tanner given for the purpose of delaying, hindering and defrauding plaintiffs in the collection of said debt, as alleged in the complaint?   Answer: No.

3. Did the defendant, Henry Tanner, have notice of and participate in such fraudulent intent?   Answer: No.

4. Is the action of plaintiffs barred by the statute of limitations? Answer: No.

5. In what amount, if any, was defendant, Joe Purvis, indebted to plaintiffs on 28 March, 1921?   Answer: $3,096.89.

6. Was the deed from Joe Purvis to his wife and children given for the purpose of hindering, delaying and defrauding plaintiffs in the collection of said debt?   Answer: Yes.

7. Did the defendants, Lucy Purvis and children, have knowledge of and participate in such fraudulent intent?   Answer: Yes.

8. Is the action of plaintiffs barred by the statute of limitations? Answer: No.

In accordance with the verdict, judgments were rendered declaring that the deed from Joe Purvis and his wife to defendant, Henry Tanner, is valid, and that the deed from Joe Purvis to defendants, Lucy Purvis and her children, is null and void.

From the last judgment defendants, other than Henry Tanner, appealed to the Supreme Court.

*B. A. Critcher and Elbert S. Pell for plaintiffs.*
*A. R. Dunning and S. J. Everett for defendants.*

CONNOR, J. In 1911 the defendant, Joe Purvis, Simon Brown and Bennett Staton purchased a tract of land in Martin County containing about 100 acres. This land was conveyed to them as tenants in common. They paid only a part of the purchase money in cash; they executed their notes for the balance. In 1919, the notes for the balance of the purchase money having been paid, the land was divided among the three tenants in common. Lot No. 3, containing about 33 acres, was allotted to defendant, Joe Purvis, as his share of the land.

Since 1911 the defendant, Joe Purvis, has been a customer of the plaintiffs, who are merchants, engaged in business at Hamilton, in Martin County. Plaintiff knew that the land which defendants, Joe Purvis, Simon Brown and Bennett Staton had purchased in 1911, was conveyed to them as tenants in common, and that the land was divided in 1919. They knew that Lot No. 3 was allotted to Joe Purvis as his share of said land. During the years 1918, 1919 and 1920, plaintiffs made advancements to Joe Purvis to enable him to cultivate the said land. These advancements were secured by liens on the crops grown on said land, and by chattel mortgages executed by Joe Purvis. He failed to pay the amount due for said advancements, and on 4 March, 1920, was indebted to plaintiffs on account of said advancements in the sum of $1,547.57. After said date, further advancements were made by plaintiffs to defendant, Joe Purvis. The total amount due by him to plaintiffs on 28 March, 1921, was $3,096.89. No part of this amount has been paid.

On 30 March, 1921, plaintiffs secured judgments in a court of a justice of the peace of Martin County against Joe Purvis for a portion of his indebtedness to them, to wit, $1,700. On 9 February, 1922, plaintiffs caused executions to be issued on these judgments. While these executions were in the hands of the sheriff, as the result of negotiations between the defendants, Joe Purvis and his wife, Lucy Purvis, and the plaintiffs, the said Joe Purvis and wife executed a deed of trust, by which they conveyed to plaintiffs the land which had been allotted to Joe Purvis, and on which he then resided with his family. This deed of trust se-

cured eight notes executed by Joe Purvis and wife, payable to plaintiffs, aggregating the amount of the indebtedness of Joe Purvis to plaintiffs, to wit, $3,096.89. Plaintiffs accepted these notes in satisfaction of said indebtedness and thereby extended the time for the payment of the same. The deed of trust was duly recorded. During the negotiations which resulted in the acceptance by plaintiffs of said notes, in response to inquiries made by plaintiffs, defendant, Joe Purvis, represented that there was no claim on said land. At the date of said deed of trust, Joe Purvis was in possession of the land conveyed thereby. He has since at all times remained in such possession. Joe Purvis has paid the interest due on said notes for the years 1923 and 1924. He has made no other or further payments on said notes.

On 4 March, 1920, Joe Purvis and his wife, Lucy Purvis, conveyed the land allotted to him in the division among the tenants in common in 1919, to the defendant, Henry Tanner. This deed was duly recorded. Henry Tanner is the father of Lucy Purvis and the father-in-law of Joe Purvis. There was evidence tending to show that at the date of said deed, Joe Purvis was indebted to Henry Tanner for money advanced to him to enable him to pay part of the purchase money for the land, and that the deed was executed to Henry Tanner, conveying the land to him for his life, in payment of the indebtedness, and pursuant to an agreement between the said Joe Purvis and the said Henry Tanner at the time the money was advanced. The jury found from this evidence, under instructions which are free from error, that this deed from Joe Purvis and wife to Henry Tanner was not executed with a fraudulent intent. There was evidence to show that plaintiffs had no actual knowledge of this deed until within three years prior to the commencement of this action. Plaintiffs have not appealed from the judgment on the verdict declaring that this deed is valid. The deed of trust under which plaintiffs claim is therefore subject to the life estate of Henry Tanner in the land conveyed thereby.

On 28 March, 1921, Joe Purvis conveyed the land allotted to him in the division among the tenants in common to the defendants, Lucy Purvis and her children. This deed was duly and promptly recorded. There was evidence tending to show that at the time Henry Tanner advanced the money to Joe Purvis to enable him to pay the purchase money for the land he agreed, upon the demand of Henry Tanner, to convey the land to Henry Tanner for life and at his death to Lucy Purvis and her children, and that when Henry Tanner discovered on or about 28 March, 1921, that Joe Purvis had only conveyed to him, by the deed dated 4 March, 1920, a life estate in said land, and had not conveyed the remainder to his daughter, Lucy Purvis and her children, he demanded that Joe Purvis execute another deed, making such con-

veyance, and that the deed dated 28 March, 1921, was executed by Joe Purvis in compliance with this demand of Henry Tanner. Defendants relied upon his evidence to sustain their contention that the deed of 28 March, 1921, was for consideration, and was not executed with fraudulent intent, as alleged by plaintiff. These contentions were submitted to the jury under instructions which are in accord with the law as declared in decisions of this Court. *Aman v. Walker*, 165 N. C., 224, 81 S. E., 162. We find no error with respect to the trial of the 5th, 6th or 7th issues which involve the validity of the deed from Joe Purvis to defendants, Lucy Purvis and her children. Exceptions in the record pertinent to these issues are not set out in defendant's brief filed in this Court, nor are these exceptions discussed in the brief. They are therefore taken as abandoned. Rule 28. Defendants rely solely upon exceptions with respect to the 8th issue and contend on their appeal to this Court that plaintiffs' cause of action, having accrued more than three years prior to the commencement of this action against them, is barred by the statute of limitations. C. S., 441.

The deed from Joe Purvis to Lucy Purvis and her children were executed and recorded on 28 March, 1921. The jury has found that this deed was executed with intent to hinder, delay and defraud plaintiffs, who were at its date creditors of Joe Purvis in a large sum, and that the defendants, Lucy Purvis and her children, had knowledge of and participated in such fraudulent intent. If the deed was without consideration, as the jury evidently found, under instruction of the court, the answer to the 7th issue is immaterial. Therefore, the fact that the children of Lucy Purvis were all under the age of nine years, at the date of the execution of the deed to them, and for this reason incapable of participating in the fraud of their father and mother, presents no difficulty. *Aman v. Walker, supra.*

This action, however, was begun as against the defendant, Lucy Purvis, on 11 September, 1928, and as against the other defendants, her children, on 4 December, 1928. More than three years had elapsed from the date and registration of the deed to the date of the commencement of action against these defendants, and if the plaintiffs' cause of action accrued at the date of the fraud, the action is barred. The statute provides, however, that the cause of action "shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." C. S., 441, sec. 9. All the evidence was to the effect that plaintiffs did not discover the fraud until some time in 1927. Defendants contend, however, that upon all the evidence it should be held as a matter of law that plaintiffs, by the exercise of reasonable diligence and ordinary business prudence should have discovered the fraud, within three years from the date of the deed, or at least more than three years

prior to the commencement of this action, by examining the records in the office of the register of deeds of Martin County, and that therefore the action is barred by the statute of limitations. This contention is presented by their assignment of error based upon their exception to the refusal of their motion for judgment as of nonsuit.

In *Ewbank v. Lyman,* 170 N. C., 505, 87 S. E., 348, a judgment of nonsuit was affirmed, upon the ground that all the evidence tended to show that the action was barred by the statute of limitations. Plaintiff's contention in that case that she had not failed to exercise reasonable diligence and ordinary business prudence to discover the fraud was not sustained, and it was held that her cause of action accrued more than three years before the commencement of her action. In that case it is said: "The authorities seem to hold, as plaintiff contends, that the three years statute is the law properly applicable to the facts presented. *Tuttle v. Tuttle,* 146 N. C., pp. 484-493; *Hooker v. Worthington,* 134 N. C., 283; *Day v. Day,* 84 N. C., 408; but the position of plaintiff concerning it cannot be sustained, for under authoritative decisions here and elsewhere construing this and similar statutes, it has been very generally held that these words, 'the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud,' etc., by correct interpretation mean until the impeaching facts were known or should have been discovered in the exercise of reasonable business prudence."

It is true that in the instant case the deed from Joe Purvis to his wife, Lucy Purvis, was recorded on 28 March, 1921, and that at this date plaintiffs were creditors of Joe Purvis. Joe Purvis, however, remained in possession of the land conveyed by the deed. There was nothing to put plaintiffs on notice of the fraudulent execution of the deed, or to require them as prudent business men to examine the records, and thus discover that the deed had been made. The deed was on record on 10 February, 1922, when Joe Purvis and his wife executed the deed of trust to plaintiffs; Joe Purvis, however, at the date of the deed of trust represented that there was no claim on the land. He was then in possession of the land, just as he had been since the land was allotted to him in the partition of the tract of land which had been conveyed to him and his cotenants in 1911. It cannot be held as a matter of law that upon the facts appearing from the evidence in this case, plaintiffs failed to exercise reasonable diligence and ordinary business prudence and, therefore, failed to discover the fraud more than three years prior to the date of the commencement of this action. The contentions of the parties with respect to this phase of the case were properly submitted to the jury. *Morrison v. Hartley,* 178 N. C., 618, 101 S. E., 375. The jury found from the evidence, under instructions of the court, that plaintiffs

had no actual notice of the fraud until some time within three years prior to the commencement of the action, and that there was no lack of diligence or reasonable business prudence on the part of plaintiffs in failing to discover the fraud at an earlier date. Upon this finding the action was not barred by the statute of limitations.

The judgment is affirmed. There is

No error.