B. H. STANCILL, THE CHICKAMAUGA TRUST COMPANY, TRUSTEE, AND THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA, v. J. B. NORVILLE, THE PINETOPS BANKING COMPANY, HENRY C. BOURNE, TRUSTEE FOR PINETOPS BANKING COMPANY, MRS. G. A. STANCILL AND O. D. INGRAM, TRUSTEE FOR MRS. G. A. STANCILL.

(Filed 2 November, 1932.)

1. **Limitations of Actions B b—Statute runs from time fraud or mistake is discovered or should have been discovered with due diligence.**

   While subsection 9 of C. S., 441, originally applied only to actions for relief on the ground of fraud in cases solely cognizable by courts of equity, by statutory amendment and the decisions of our courts it now applies to all actions for relief on the ground of fraud or mistake, and bars all actions therefor within three years from the discovery of the fraud or mistake or from the time such fraud or mistake should have been discovered in the exercise of due diligence.

2. **Same — Docketed judgment held sufficient notice to start statute running against action for mistake relating to priorities of liens.**

   The owner of lands made application to plaintiff for a loan to pay off the mortgages thereon, and the application was accepted under an agreement that the loan should be secured by a mortgage which should constitute a first lien on the lands. Before the execution and registration of the plaintiff's mortgage a judgment against the mortgagor was docketed. The

prior mortgages were paid out of the proceeds of the loan and canceled of record, and the plaintiff's mortgage was registered, the plaintiff having no actual knowledge of the docketing of the judgment, and thinking his mortgage constituted a first lien on the lands in accordance with the agreement. Upon issuance of execution on the judgment the plaintiff restrained the execution sale and brought this action seven years after the cancellation of the prior mortgages to revive them and to have the plaintiff declared subrogated to the rights of the beneficiaries thereunder on the ground that they were canceled through the mistake of the plaintiff in thinking his mortgage would constitute a prior lien on the lands: *Held,* the docketed judgment was a lien on the land itself which an examination of the records would have disclosed and the plaintiff's cause of action is barred by the three-year statute of limitations. C. S., 441(9).

APPEAL by J. B. Norville from *Cranmer, J.,* at January Term, 1932, of PITT.

Controversy without action upon an agreed statement of facts, among which are the following:

On 16 June, 1922, B. H. Stancill made a written application to the Chickamauga Trust Company, of Raleigh, agent of the Prudential Life Insurance Company of America, for a loan of $5,000 for a term of ten years. The loan was approved, and on 11 July, 1922, Stancill executed a note for this sum payable to the Prudential Life Insurance Company of America, or its order, on or before ten years from the date thereof in annual installments, and at the same time in order to secure the note and interest executed to the Chickamauga Trust Company as trustee for the Insurance Company a deed of trust on 200 acres of land situated in Pitt County, which was duly registered in said county on 20 July, 1922.

At this time there appeared of record in the office of the register of deeds of Pitt County the following two deeds of trust covering the same tract of land:

(a) A deed of trust from B. H. Stancill to Henry C. Bourne, trustee for Pinetops Banking Company, dated 1 January, 1922, securing a note in the sum of $4,160.33, due 1 January, 1923, the said deed of trust having been filed for record 13 February, 1922, and recorded in Book H-14, page 615.

(b) A deed of trust from B. H. Stancill to O. D. Ingram, trustee for Mrs. G. A. Stancill, dated 16 March, 1922, filed for record 18 March, 1922, and recorded in Book K-14, page 72, securing a note in the sum of $3,500 due 1 January, 1924.

At the same time there appeared of record in the office of the clerk of the Superior Court of Pitt County in judgment docket 25, page 232, a judgment in favor of J. B. Norville and against B. H. Stancill and J. M. Norville, in the sum of $2,546.46, with interest from 1 March,

1922, said judgment appearing to have been docketed on 22 June, 1922, and being a transcript of judgment from Edgecombe County.

B. H. Stancill borrowed the money from the Prudential Company for the purpose of paying the lien held by the Pinetops Banking Company, and the Prudential Company made the loan to Stancill upon his agreement to execute a deed of trust on the premises, expecting said deed of trust to be a first lien thereon.

From the proceeds of the loan made by the Prudential Company to Stancill the sum of $4,160.33 was paid over to Pinetops Banking Company on 20 July, 1922, whereupon the note and deed of trust held by said Pinetops Banking Company were duly marked paid and satisfied and the instruments were thereupon exhibited to the register of deeds and the following entry made upon the record: "The original of this instrument together with the notes secured thereby, having been exhibited to me marked paid and satisfied by the mortgagee, I herewith cancel the same of record by authority of chapter 180, Laws of 1891, being section 1046, subsection 2, Revisal of 1905. This 20 July, 1922, J. G. Gaskins, register of deeds, by J. H. Manning, D. R."

On the same date, to wit, 20 July, 1922, the deed of trust from B. H. Stancill to O. D. Ingram, trustee for Mrs. G. A. Stancill, was exhibited to the register of deeds of Pitt County, whereupon similar cancellation of record was made.

The Prudential Company, at the time of closing said loan, had no actual knowledge of the Norville judgment other than the constructive notice given by the records thereof, and did not receive any actual notice of said judgment until just a short time before the institution of this suit.

B. H. Stancill has made certain payments on the indebtedness held by the Prudential Company, and there is now due on this indebtedness a total balance of $4,250, as of 11 July, 1929. The Prudential Company has declared the entire indebtedness due and under proper accelerating provisions in the note and deed of trust, the power of sale therein is now operative.

No sums whatever have been paid on the Norville judgment since its rendition, and the full amount of principal, interest and cost thereon is now due.

Summons in the cause of J. B. Norville *v.* B. H. Stancill and J. M. Norville was issued 22 April, 1922, returnable before the clerk on 8 May, 1922, and judgment in said cause was rendered by the clerk of the Superior Court of Edgecombe County by default final on 5 June, 1922, for the failure of the defendants to file any answer thereto.

On 20 July, 1922, the note due Pinetops Banking Company was paid in full. The summons in this action was issued 3 May, 1929, and defendant duly pleaded C. S., 441, as a bar to this action.

The defendant Norville duly issued execution on his judgment against Stancill in April, 1929, whereupon plaintiffs instituted this suit and obtained a restraining order on 5 July, 1929, restraining sale under execution.

Upon the facts agreed it was adjudged that the Norville judgment could not be attacked collaterally for irregularities; that the Prudential Life Insurance Company of America is entitled to have the deed of trust to the Pinetops Banking Company revived and to be subrogated to the extent of the amount applied thereon by the Insurance Company with interest from the date of payment, not to exceed the actual balance Stancill owes the Insurance Company; also that the land described in the deed of trust is impressed with a first lien in favor of the Insurance Company in the amount of $4,250 with interest from 11 July, 1929, and that it be sold by commissioners appointed by the court.

*Henry C. Bourne for appellant.*
*W. G. Mordecai and Harding & Lee for appellees.*

ADAMS, J. The ultimate purpose of the action is to revive the two deeds of trust executed by B. H. Stancill to Henry C. Bourne and O. D. Ingram respectively as trustees and to subrogate the plaintiffs to the rights of the beneficiaries who were creditors of the grantor. The plaintiffs seek equitable relief on the ground of mistake—the mistake consisting in the entry of payment and satisfaction on the registry of each deed of trust when they had no actual knowledge of the Norville judgment. In their brief the plaintiffs assert that the real mistake of which they complain was the failure of the Prudential Company to discover the Norville judgment, which had apparent priority over the deed of trust that the Prudential Company had agreed to accept under the impression that it would be a first lien upon the land.

It is provided in C. S., 441(9), that suits for relief on the ground of fraud or mistake must be commenced within three years from the time the cause of action accrues, and this section is pleaded in bar of the plaintiff's recovery. The only questions debated in the briefs are the bar of the statute and the alleged right of subrogation. If the action is barred the doctrine of subrogation need not be considered.

The subsection just cited was formerly confined to actions for relief on the ground of fraud in cases theretofore solely cognizable by courts of equity; but in 1879 the Legislature inserted the word "mistake"

after the word "fraud" and in 1889 struck out the clause restricting relief for fraud or mistake to cases cognizable only in courts of equitable jurisdiction. Battle's Revisal, 150; Public Laws, 1879, ch. 251; Public Laws, 1889, ch. 269. While this clause remained in the statute it was regarded as a legislative declaration that the effect of the statute could not be defeated unless the fraud or mistake was such that the jurisdiction of a court of equity was alone competent to afford relief. *Blount v. Parker,* 78 N. C., 128; *Jaffray v. Bear,* 103 N. C., 165. But with the clause omitted the statute makes all actions subject to the same rule whether or not they were formerly cognizable solely in courts of equity. *Alpha Mills v. Engine Co.,* 116 N. C., 798; *Little v. Bank,* 187 N. C., 1. As the section is now written three years is the period prescribed for the commencement of actions for relief on the ground of fraud or mistake; but the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting such fraud or mistake.

When does the statute of limitations begin to run? In the earlier cases it was said that the limitation prescribed is not three years from the mistake, but from its discovery. *Stubbs v. Motz,* 113 N. C., 458; *Bonner v. Stotesbury,* 139 N. C., 3; *Tuttle v. Tuttle,* 146 N. C., 484, 493. Afterwards when the question of actual or constructive discovery arose the Court applied the principle that the means of knowledge is equivalent to knowledge and that a party who has the opportunity of knowing the facts constituting the fraud or mistake cannot be supine or inactive and for this reason assert a want of knowledge. *Peacock v. Barnes,* 142 N. C., 215. The result, as declared in a number of subsequent cases is this: the statute runs from the time the fraud or mistake is discovered or should have been discovered in the exercise of ordinary care. *Sinclair v. Teal,* 156 N. C., 458; *Jefferson v. Lumber Co.,* 165 N. C., 46; *Ewbank v. Lyman,* 170 N. C., 505; *In re Johnson,* 182 N. C., 522, 528; *Latham v. Latham,* 184 N. C., 55, 65; *R. R. v. Hegwood,* 198 N. C., 309, 316. The statement in *Taylor v. Edmunds,* 176 N. C., 325, 329, that the statute begins to run from the discovery of the facts was evidently intended to distinguish the discovery, actual or constructive, from the breach of contract as the time when the period of limitation began to operate.

It has been correctly held that the simple registration of a deed is not sufficient to give notice that a fraud has been committed. *Modlin v. R. R.,* 145 N. C., 218, 227; *Tuttle v. Tuttle, supra; Rhodes v. Tanner,* 197 N. C., 458. It is claimed that by analogy a docketed judgment is not sufficient notice of mistake. Mistake or fraudulent representations in procuring the execution of a deed do not usually appear upon the

face of the instrument or upon the registry, and neither the instrument nor the registry generally imparts or necessarily suggests notice of fraud. It is otherwise when the record itself constitutes an encumbrance upon property the title to which is under investigation. In this case the docketed judgment was a lien on the land and was itself an encumbrance which an examination of the record would have disclosed. *Sanderlin v. Cross,* 172 N. C., 242.

The statute of limitations began its course when the mistake complained of should have been discovered. There is no evidence of fraudulent concealment as in *Dunn v. Beaman,* 126 N. C., 766, and *S. v. Gant,* 201 N. C., 211.

The action was instituted on 3 May, 1929, and we are of opinion that upon the agreed facts it is barred by the statute of limitations.

Error.