J. C. WIMBERLY v. WASHINGTON FURNITURE STORES, INC.

(Filed 3 January, 1940.)

**1. Appeal and Error § 37e—**

In reference cases, the findings of fact, approved or made by the judge of the Superior Court, if supported by any competent evidence, are not subject to review on appeal, unless some error of law has been committed in connection therewith.

**2. Limitation of Actions § 4—**

In an action grounded on fraud, the statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence. C. S., 441 (9).

**3. Same—Evidence held to sustain finding that action was instituted within the time allowed from discovery of fraud or time fraud should have been discovered.**

This action was instituted by a stockholder to recover the value of his stock in a corporation which was "reorganized" or taken over by defendant corporation without notice and in fraud of his rights. Plaintiff's evidence tended to show that he did not learn of the fraud until about one year before the institution of the action when he undertook to sell his stock in the old corporation, that the new corporation continued with the same stock of merchandise, with the same manager, and with only a slight change in name, and that plaintiff, after discovering that the new corporation had been formed could find no record of the dissolution of the old corporation or how it ceased to exist. *Held:* The evidence sustains the referee's finding, .approved by the judge of the Superior Court, that plaintiff's cause was not barred. C. S., 441 (9).

APPEAL by defendant from *Ervin, Special Judge,* at May Term, 1939, of GUILFORD.

Civil action to recover value of stock in corporation taken over by defendant.

There was a reference under the Code. The referee found that the plaintiff owned 15 of the 59 outstanding shares of stock in the Washington Street Furniture Company, Incorporated, which was "reorganized" or taken over by the defendant corporation in December, 1931, without notice to the plaintiff and in fraud of his rights.

The value of plaintiff's stock, or 15/59ths of the net worth of the assets of the old corporation, was found to be $454.63, and judgment entered accordingly.

The defendant appeals, assigning errors.

*John R. Hughes and William E. Comer for plaintiff, appellee.*
*Walser & Wright and M. W. Nash for defendant, appellant.*

STACY, C. J. In reference cases, the findings of fact, approved or made by the judge of the Superior Court, if supported by any competent evidence, are not subject to review on appeal, unless some error of law has been committed in connection therewith. *Dent v. Mica Co.,* 212 N. C., 241, 193 S. E., 165; *Corbett v. R. R.,* 205 N. C., 85, 170 S. E., 129; *Wallace v. Benner,* 200 N. C., 124, 156 S. E., 795.

The principal question presented is whether plaintiff has offered sufficient evidence to repel the plea of the three-year statute of limitations, C. S., 441, subsection 9, it appearing that the fraud of which the plaintiff

complains occurred in December, 1931, and this action was instituted 23 September, 1937. The plaintiff testifies that he did not learn of the fraud until about 19 August, 1936, when he undertook to sell his stock in the old corporation. The new corporation "continued with the same stock of merchandise and had the same manager." There was only a slight change in name. Even after the plaintiff discovered that a new corporation had been formed, he could find no record of the dissolution of the old or how it ceased to exist.

The authorities are to the effect that, in an action grounded on fraud, the statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence. *Peacock v. Barnes,* 142 N. C., 215, 55 S. E., 99; *Stancill v. Norville,* 203 N. C., 457, 166 S. E., 319; *Ollis v. Board of Education,* 210 N. C., 489, 187 S. E., 772.

Tested by this standard, there is evidence on the record to support the referee's finding which has been approved by the judge of the Superior Court, that the plaintiff's cause of action is not barred by laches. It results, therefore, that the judgment must be upheld.

Affirmed.