The defendant was the guardian of the plaintiff, and upon becoming of age the plaintiff instituted this action for an accounting. The defendant was also the administrator of the estate of W. S. Little, father of the plaintiff. *Page 603 
At the March Term, 1938, upon motion of the plaintiff, the case was referred to U. L. Spence, Esquire, to which action the defendant excepted and reserved all rights.
On 5 July, 1938, in Wadesboro, the referee conducted a hearing of the cause, at which time and place evidence was taken and argument heard. On 10 June, 1939, the referee filed his report. To said report the plaintiff and defendant filed exceptions.
The case came on for hearing at the November Term, 1939, of Anson, upon the report and exceptions thereto, and the court overruled the exceptions both of plaintiff and defendant, with the exception of one of defendant's exceptions which it sustained, and after allowing a credit of $266.66 on the conclusion of the referee which was necessitated by the sustaining of the one exception, confirmed the report of the referee and entered judgment accordant therewith.
From the judgment of the court confirming the report of the referee as modified, both plaintiff and defendant appealed, assigning error. However, no exception was taken to the modification made by the court to the referee's report.
PLAINTIFF'S APPEAL.
Plaintiff's assignments of error 1, 2 and 3 are to the court's failure to sustain her exceptions 1, 2, 3, 4 and 5 to certain findings of fact by the referee. There is ample evidence to sustain the findings assailed by the assignments. "In reference cases, the findings of fact, approved or made by the judge of the Superior Court, if supported by any competent evidence, are not subject to review on appeal, unless some error of law has been committed in connection therewith." Wimberly v. Furniture Stores,216 N.C. 732, and cases there cited.
Plaintiff's assignment of error 4 is to the court's failure to hold as a matter of law, as set forth in her first exception to the referee's conclusions of law (Exception No. 6), that the defendant had forfeited its rights to all commissions, both as administrator and as guardian. This assignment cannot be sustained, since the findings of fact by the referee, sustained by evidence and approved by the court, establish that the defendant both as administrator and as guardian has from time to time filed the reports required of it by law showing the conditions of the estates administered, and that said reports so filed have been audited by the clerk and each retention of commissions has been allowed by the clerk and is well within the amounts prescribed by the statutes, C. S., 157 and 2190, and that no excessive commissions have been allowed and that the defendant has acted in good faith and with due diligence in administering its trusts, and has exercised sound business judgment and accounted for all funds received by it in both fiducial capacities. *Page 604 
Plaintiff's assignment of error 5 is to the court's failure to sustain her second exception to the referee's conclusions of law (Exception No. 7), wherein it was concluded that the defendant was entitled to commissions on the sum of $24,724.98 cash received by it as guardian from itself as administrator, representing the distributive share of the plaintiff in the estate of her deceased father. This assignment cannot be sustained. C. S., 157 and 2190, provide that guardians shall be entitled to commissions not exceeding five per cent upon the amount of receipts. No exception is made of receipts received from itself in another capacity, and we see no logical reason why there should be, or how such an exception can be read into the statute. The commission retained and approved by the clerk, 2 1/2%, is well within the statutory limitation and cannot be held as a matter of law to be excessive under the circumstances of the case.
Plaintiff's assignment of error 6 is to the court's failure to sustain her third exception to the referee's conclusions of law (Exception No. 8), that the defendant was entitled to commissions on money received by it as guardian from the sale of plaintiff's interest in lands inherited by her from her late father. This assignment cannot be sustained. The amount retained was 3 per cent — well within the statutory limitation — and was approved by the clerk. While this money may have been deemed real estate for the purpose of inheritance in the event of the death of the beneficiary thereof, still it was nevertheless money received and therefore a "receipt" when it came into the hands of the guardian, and as such was subject to the commissions allowed by the statutes.
Plaintiff's assignment of error 7 is to the court's failure to sustain her fourth exception to the referee's conclusions of law (Exception No. 9), that the defendant was entitled to commissions on $3,584.31 advanced by the defendant as administrator to itself as guardian and used to purchase bonds for the plaintiff. This assignment cannot be sustained. The finding of fact upon which the conclusion of law is predicated is to the effect that the money so advanced was applied on the distributive share of the plaintiff in her father's estate and was for the purpose of purchasing bonds for the plaintiff. Such money when it came into the defendant's hand as guardian was a receipt and as such under the statutes, C. S., 157 and 2190, was subject to a commission within the limitations of the statutes when approved by the clerk. The 3% retained was within such limitations and was so approved.
Plaintiff's assignment of error 8 is to the court's failure to sustain his fifth exception to the referee's conclusions of law (Exception No. 10), that the plaintiff was not entitled to recover the penalties and costs which the defendant, as guardian, was required to pay to the town of Ansonville and county of Anson by reason of its failure to list the property of the plaintiff for taxes. This assignment cannot be sustained for the reason that the conclusion is supported by the findings of fact. The *Page 605 
facts found divulge that the cash balances of the plaintiff held by the defendant as guardian were not listed for a number of years prior to the year 1928, as well as thereafter, and that the penalties imposed were for failure to list for the years 1928, 1929, 1930, 1931 and 1932, and that no taxes were paid for the years prior to 1928, and that had such taxes been paid they would have amounted to far more than the penalties paid for failing to list for the year 1928 and subsequent years, and that therefore "the failure to list the cash balances and pay taxes thereon for the whole period of failure, resulted, it is manifest, to the advantage of plaintiff and she was not damaged thereby." If "she was not damaged thereby," it follows as a matter of law she cannot recover by reason thereof.
NOTE: The plaintiff does not make an assignment of error of the court's failure to sustain her sixth exception to the referee's conclusions of law (Exception No. 11), that the plaintiff was not entitled to recover $149.78 claimed for alleged negligence in failing to insure the property of plaintiff against damage by fire. Therefore, this exception is abandoned.
Plaintiff's assignment of error 9 is to the court's failure to sustain her seventh exception to the referee's conclusions of law (Exception No. 12), that the plaintiff was not entitled to recover $434.80 retained by defendant as commissions on $8,696.00 interest paid by the defendant on cash balances which the defendant, as guardian, had on deposit in defendant's commercial department. This assignment cannot be sustained, since, although where a guardian uses the funds of his ward in his own business he is chargeable with the highest rate of interest allowed by law, still where he uses the funds of his ward, and makes regular annual settlements, charging himself with the interest thereon, he is entitled to his commissions on the interest so charged. Fisher v. Brown, 135 N.C. 198.
Plaintiff's assignment of error 10 is to the court's failure to sustain her eighth exception to the referee's conclusions of law (Exception No. 13), that the plaintiff was not entitled to recover $25.00 commissions retained by the defendant as guardian on the sale of stock of the Roberdel Manufacturing Company for the sum of $500.00. This assignment cannot be sustained, since the $500.00 received for the stock was money received by the guardian and as such was a receipt subject to the provisions of the statutes, C. S., 157 and 2190, as to commissions.
Plaintiff's assignment of error 11 is to the court's failure to sustain her ninth exception to the referee's conclusions of law (Exception No. 14), that the plaintiff is not entitled to recover of the defendant the sum of $1,315.00, or any part thereof, by reason of the failure to collect rent on a garage belonging to the estate of her late father. This assignment cannot be sustained for the reason that the conclusion is supported *Page 606 
by the findings of fact. It is specifically found that the sum collected amounted to the reasonable rental value of the garage for the time it was rented, and that one-half thereof was received by the defendant as guardian of the plaintiff. There is no finding that there was any contract for any specific amount of rent to be paid after August, 1928, to which date the rent was paid in full.
Plaintiff's assignment of error 12 is to the court's failure to sustain her tenth exception to the referee's conclusions of law (Exception No. 15), that the defendant is entitled to commissions on receipts and disbursements allowed it in its accounts filed as administrator and as guardian, except in certain instances indicated. This assignment presents the same question presented by assignment 4, namely, has the defendant by its conduct forfeited its right to all commissions both as administrator and as guardian, and for the same reasons there set forth must be answered in the negative.
The plaintiff's assignment of error 13 is to the court's failure to sustain her eleventh and twelfth exceptions to the referee's conclusions of law (Exceptions Nos. 16 and 17), that plaintiff is entitled to recover only those amounts named. This assignment cannot be sustained since the findings of fact support the conclusions of law.
On the plaintiff's appeal the judgment of the Superior Court is
Affirmed.
DEFENDANT'S APPEAL.
Defendant's assignments of error 1 to 10, inclusive, are to the failure of the court to sustain its exceptions (Exceptions Nos. 1 to 10, inclusive), to certain findings of fact by the referee. These assignments cannot be sustained, for the reason that such findings are supported by the evidence, and are approved by the judge of the Superior Court. Wimberly v.Furniture Co., 216 N.C. 732.
Defendant's assignment of error 11 is to the sustaining by the court of the referee's ruling allowing the motion of the plaintiff to strike out an answer made by the witness Robinson as to why the defendant, as administrator, paid certain interest on the funds of the estate of its intestate. (Exception No. 11.) This assignment cannot be sustained, since the answer stricken from the record tended to show (1) what the witness knew, or thought he knew, the law was relative to charging administrators with interest, which was irrelevant and immaterial to the issue involved; and (2) that interest was paid on $40,000.00 at the rate of 4% at the suggestion of an uncle of the plaintiff. Why the defendant made the payment was immaterial. If the fact that 4% interest was paid on $40,000.00 was material, and evidence tending to establish such fact was erroneously stricken out, such error was harmless since evidence of that fact appears elsewhere in the record, and such fact is virtually found by the referee. *Page 607 
Defendant's assignment of error 12 is to the failure of the court to sustain its first exception to the referee's conclusions of law (Exception No. 12), that inasmuch as the defendant used in its business, in its commercial department, funds received by it as administrator, made itself liable for interest on deposits remaining in its custody at the rate of 6% per annum, and defendant should have accounted for interest so accumulated in its final account as administrator, and defendant is liable to plaintiff for her share of such interest as a distributee of the estate of defendant's intestate, and defendant should have credited her with such sum in its accounts as her guardian. This assignment cannot be sustained, since the facts found support the conclusions reached.
When a bank is an administrator or guardian and deposits money belonging to the estate of its intestate or ward with itself to the credit of itself as administrator or guardian, such deposit is a general deposit, and the money thereby becomes mingled with the general funds of the bank and constitutes a use in the general business of the bank for its general benefit, Roebuck v. Surety Co., 200 N.C. 196, and cases there cited, and when an administrator or guardian uses the money belonging to the estate of its intestate or ward in his own business he is chargeable with the highest rate of interest allowed by law. Fisher v. Brown, 135 N.C. 198.
While ordinarily an administrator is not chargeable with interest, still, if he collects interest he must account therefor, Chambers v. Kerns,59 N.C. 280, or, if he uses the money of the estate of his intestate in his own business he is chargeable with interest, Smith v. Smith,101 N.C. 461, and this irrespective of the fact that the administrator is a bank and the money is made use of in its commercial department. The fact that the bank has two departments, a trust department and a commercial department, does not alter the fact that it is a single entity, doing business under one charter, and the use of money in one department inures to the benefit of the other department, and constitutes a use in its general business.
Such being the law, it was incumbent upon defendant as guardian to collect from itself as administrator such interest when its final account as administrator was filed.
Defendant's assignment of error 13 is to failure of the court to sustain its second exception to the referee's conclusion of law (Exception No. 13), that sums appropriated to itself as administrator for commissions prior to the filing of final account are deemed in law to be sums remaining in its hands as balances, upon which the defendant is liable to the estate for interest at 6%. This assignment is not set out in the defendant's brief and is therefore taken as abandoned. Rule 28, Rules of the Supreme Court,213 N.C. 825.
Defendant's assignment of error 14 is to failure of the court to sustain *Page 608 
its third exception to the referee's conclusion of law (Exception No. 14), that by reason of having retained in its custody and used in its commercial department over certain periods of time certain moneys of the estate of its intestate which came into its hands as administrator, the defendant became liable to the plaintiff for her share, as a distributee, of interest at the rate of 6% on said moneys for said periods, less credits for the interest actually paid by the defendant as administrator on said moneys during said periods. This assignment cannot be sustained for the reasons set forth under assignment of error No. 12.
Defendant's assignment of error 15 is to the failure of the court to sustain its fourth exception to the referee's conclusion of law (Exception No. 15), that the defendant is not entitled to any reduction in its liability to plaintiff for interest by reason of an item contained in its final account as administrator filed 2 January, 1925, denominated "interest paid by the Bank of Wadesboro on administration account from July 18, 1923, to December 30, 1924, including interest collected on U.S. certificate of indebtedness, $2,193.46," since it does not appear what portion of said amount was paid as interest on balances or what portion was collected from U.S. certificates of indebtedness. No reason or argument is stated or authorities cited in support of this assignment in the defendant's brief, and therefore it will be taken as abandoned. Rule 28, supra.
Defendant's assignment of error 16 is to the failure of the court to sustain its fifth exception to the referee's conclusions of law (Exception No. 16), that the plaintiff was entitled to recover one-third of the amount which the defendant retained as commissions on stocks and bonds received by it as administrator. This assignment cannot be sustained, since the conclusion is supported by the facts found.
It is found that at the death of its intestate the defendant, as administrator, came into possession of certain stocks and bonds, and that one-third of these stocks and bonds were received by the defendant as guardian from itself as administrator, and that the selfsame one-third of the stocks and bonds were turned over by the defendant as her guardian to the plaintiff — that said stocks and bonds were never sold but held by the defendant in unchanged form from the time of its qualification as administrator to the time of filing its final account as guardian. An administrator is not entitled to commissions on specific articles of personal property delivered to it and by it delivered to the distributees. Property specifically received and delivered over in the course of distribution is not usually burdened with a charge of commissions. Spruillv. Cannon, 22 N.C. 400; Scroggs v. Stevenson, 100 N.C. 354. Such being the law, it was the duty of the defendant as guardian to collect from itself as administrator when it filed its final account as administrator the commissions retained by it upon these stocks and bonds.
Defendant's assignment of error 17 is to the failure of the court to *Page 609 
sustain its six exception to the referee's conclusions of law (Exception No. 17), that the defendant as guardian having deposited the moneys of its ward, the plaintiff, in the commercial department of its bank and used the same therein for its benefit, without otherwise investing the same, made itself liable to the plaintiff for 6% compound interest on the moneys so deposited; and that the plaintiff was entitled to recover of the defendant the sum of $6,495.11, the difference between such 6% compound interest and the interest actually paid by the defendant. This assignment cannot be sustained, since the facts found support the conclusion reached.
Where a bank is authorized by its charter to act as guardian, it owes the same duty to its ward as an individual would owe to keep the ward's funds separate from other funds of the guardian, and to invest the same as the law applicable to investments requires, and where funds of the ward are accepted by the bank in its banking department and commingled by it with its general deposit funds it violates its fiduciary duties as guardian and is liable to the ward for loss occasioned thereby. Roebuck v. Surety Co.,supra. Where a guardian uses funds of its ward in its own business it is chargeable with the highest rate of interest. Fisher v. Brown, supra.
Defendant's assignment of error 18 is to the court's failure to sustain its seventh exception to the referee's conclusions of law (Exception No. 18), that the defendant as guardian was not entitled to commissions on stocks and bonds received by it from itself as administrator, and by it as guardian turned over to its ward, the plaintiff, and that the plaintiff was entitled to recover such commissions so retained. This assignment cannot be sustained, since the facts found sustain the conclusion reached. What was said in the discussion of assignment of error 16 as to the retention of commissions on specific articles of property by an administrator applies to the retention of such commissions by a guardian, and the authorities there cited are applicable here.
Defendant's assignments of error 19, 20, 21 and 22 are to the refusal of the court to submit to the jury four issues tendered. In defendant's brief assignment 20 is not set out and is therefore taken as abandoned. Rule 28,supra.
The issue tendered to which assignment 19 refers is: "What amount, if any, is the plaintiff entitled to recover of the defendant for interest on moneys handled by the Bank of Wadesboro while acting as administrator of the estate of the late Walter S. Little?" This issue relates to interest. The facts upon which the referee concluded that the interest referred to in the issue tendered should be recovered are not in dispute. Whether upon these facts interest should be recovered, and the amount thereof if recovered, were questions of law for the court, and not issues of fact for *Page 610 
the jury. Therefore the court was correct in refusing to submit to the jury the issue tendered.
The issue tendered to which assignment 21 refers is: "What amount, if any, is the plaintiff entitled to recover of the defendant for interest on moneys handled by the Bank of Wadesboro while acting as guardian of the estate of the plaintiff herein?" What is said upon assignment 19 is here applicable, and the assignment cannot be sustained for the reason there given.
The issue tendered to which assignment 22 refers is: "Is the plaintiff entitled to recover of the defendant the sum of $442.50, with interest thereon from February 15, 1937, on account of Commissions heretofore allowed by the clerk of the Superior Court of Anson County to the Bank of Wadesboro while acting as guardian of the estate of the plaintiff, for commissions on stocks and bonds received by it as such guardian?"
This issue is not based upon any disputed facts — no issue of fact which arises on the pleadings and the evidence is presented. The only controversy arising is one of law, namely, if under the facts as shown by all the evidence, the plaintiff is entitled to recover the item involved. Therefore, the court was correct in refusing to submit to the jury the issue tendered.
Defendant's assignment of error 23 is to judgment of the Superior Court, as entered. This assignment cannot be sustained for the reason that the judgment is supported by the findings of fact and conclusions of law of the referee, confirmed by the judge.
On defendant's appeal the judgment of the Superior Court is
Affirmed.