OLLIE BEVERLY ROSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6606.   Promulgated April 22, 1947.

*Douglas D. Felix, Esq.*, for the petitioner.
*F. L. Van Haaften, Esq.*, for the respondent.

---

[5] See secs. 5 and 6, Pay Readjustment Act, June 6, 1942 (56 Stat. 359, as amended)

### OPINION.

VAN FOSSAN, *Judge*: The Commissioner determined an income tax deficiency of $1,169.33 for the year 1940. The only question involved is whether the amount of $9,365.87, a part of the net amount of $11,637.53 received by petitioner in 1940 as a result of a judgment, is a return of capital, as contended by petitioner, or income taxable in 1940, as contended by the respondent.

The petitioner, a resident of South Miami, Florida, filed her income tax return on the cash basis for the year 1940 with the collector for the district of Florida.

The petitioner was born on April 28, 1916, and became 21 years of age on April 28, 1937.

Walter S. Little, petitioner's father, died on January 21, 1919, a resident of North Carolina, leaving him surviving his widow and their two daughters, petitioner and her sister, Julia Lee. As a result of his death, petitioner inherited a distributive share of his estate.

On or about January 25, 1919, the Bank of Wadesboro, Wadesboro, North Carolina, was duly appointed administrator of the estate of Walter S. Little and, having qualified as such, took possession of the assets of the estate.

Shortly after August 6, 1919, the same bank was appointed guardian of petitioner and, as such, took over the administration of her affairs.

After becoming of age, petitioner, on September 11, 1937, filed a suit for an accounting in the Anson Superior Court in Anson County, North Carolina, against the Bank of Wadesboro. The case was duly heard and a judgment entered in November 1939. The decision of the superior court was subsequently appealed by petitioner and defendant bank and a decision was entered by the Supreme Court of North Carolina, affirming the decision of the lower court. *Rose* v. *Bank of Wadesboro*, 217 N. C. 600; 9 S. E. (2d) 2.

As a result of this suit petitioner received, in 1940, from the Bank of Wadesboro the sum of $17,822.53 and paid $6,185 as litigation expense. Of the sum of $17,822.53, the petitioner reported in her 1940 income tax return as income the sum of $2,271.66 designated as "Interest from 1/1/37 on Judgment vs. The Bank of Wadesboro including holdings by Fiduciary."

The amount of $17,822.53 consisted of items as follows:

1. Petitioner's pro rata share of commission charged by the bank as administrator on stocks and bonds of the estate turned over in kind to distributees, to which commission it was held bank was not entitled_____ $611.43
2. Commission allowed to bank as guardian on the value of stocks and bonds received by it as part of petitioner's distributive share from her father's estate and delivered to her upon the filing of the guardian's final account, to which commission it was held the bank was not entitled_____ 442.50

3. Guardian charged a commission on a cash balance brought forward in guardian's final account filed April 30, 1937, from preceding account, conceded by bank as inadvertent and erroneous and tendered to but refused by petitioner (no interest allowed on this amount) _____ $4. 27

4. Bank retained and used in its commercial department various sums received by it as administrator. It was held liable for interest on the various sums during the period held without other investment. Petitioner's pro rata share of such interest from November 4, 1920, to January 13, 1925, the date on which the bank paid over to itself as guardian the sums of money then in its possession as administrator, was_____ 3, 268. 59

5. Bank used funds held as guardian of petitioner in its commercial department and used same for its benefit without otherwise investing it. It was held liable for 6 per cent compound interest from January 13, 1925, to May 28, 1932, in the net amount of_____ 6, 495. 11

6. Interest on $611.43 from November 4, 1920,
    "   " $442.50 from February 15, 1937,
    "   " $3,268.59 from January 13, 1925,
    "   " $6,495.11 from May 28, 1932,
    "   " total amount of judgment from date of judgment until
paid and court costs_____ 7, 000. 63

Total _____ 17, 822. 53

As set out above, the petitioner, upon reaching majority in 1937, brought suit for an accounting against the Bank of Wadesboro, administrator of her father's estate and her guardian. In 1940, as a result of such suit, she received from the bank the amount of $17,822.53 and paid $6,185 as litigation expense. The respondent determined that the entire net amount of $11,637.53 was taxable income in 1940. Since petitioner had reported $2,271.66 of the amount received as income in her 1940 return, the respondent increased her taxable income by the amount of $9,365.87.

The petitioner contends that, except for interest accruing after the termination of the guardianship on April 28, 1937, and the court costs recovered, no part of the $17,822.53 represented taxable income in 1940, but represented a receipt of capital.

The petitioner filed her return for 1940 on the cash basis. It is well established that a taxpayer on the cash basis is liable for taxes each year upon all income actually or constructively received in that year. If any portion of the amount received by petitioner was a return of capital or nontaxable income, to that extent it was not includible in her 1940 income.[1]

[1] See *R. J. Durkee*, 6 T. C. 733 (on appeal, C. C. A., 6th Cir.) ; *Raytheon Production Corporation*, 1 T. C. 952 ; affd. ( C. C. A., 1st Cir.), 144 Fed. (2d) 110 ; *Hilda Kay*, 45 B. T. A. 98 ; *Swastika Oil & Gas Co.*, 40 B. T. A. 798 ; affd. (C. C. A., 6th Cir.), 123 Fed. (2d) 1382 ; certiorari denied, 317 U. S. 639 ; *Edward H. Clark*, 40 B. T. A. 333 ; *John H. Schofield*, 19 B. T. A. 234.

The amount received by petitioner in 1940 consisted of various items as set forth in the above statement of facts. As to item 1, it was held by the court that the bank was not entitled to a commission charged by it upon receipt by it as administrator of certain stocks and bonds belonging to the Walter S. Little estate, which it later turned over to itself as guardian, and that petitioner was, therefore, entitled to recover from the bank $611.43 of such commission, with interest thereon at 6 per cent, from November 4, 1920, until paid. Obviously, if the bank, as administrator, had not charged such commission, the distributive share of petitioner from her father's estate would have been larger to the extent of $611.43. The value of property acquired by gift, bequest, devise, or inheritance is not includible in gross income and is exempt from income tax. Sec. 22 (b) (3), I. R. C. Hence, the Commissioner erred in including the amount of $611.43 in petitioner's 1940 income.

Since the commission was a charge made by the administrator against the assets or income of the Walter S. Little estate, the receipt of that amount by the petitioner did not represent the recovery of a previously deductible expense by petitioner, as argued by respondent.

The second item, $442.50, represents a commission first charged in the guardian's account filed February 15, 1937, on the value of certain stocks and bonds which were turned over by the bank as administrator to itself as guardian by a book entry crediting itself as administrator and charging itself as guardian. The stocks and bonds were later delivered to petitioner. The court held that petitioner was entitled to recover such commission, with interest thereon at 6 per cent, from February 15, 1937. The third item, $4.27, also represents commission charged in its final account filed April 30, 1937, by the bank as guardian, which, as shown by the referee's report, the bank conceded to be an inadvertent and erroneous charge. The court held that petitioner was entitled to recover the $4.27 from the bank, but without interest, since the bank tendered the same to petitioner, which she refused.

The respondent argues that these amounts represent the recovery of previously deductible expenses by the petitioner and accordingly are includible in income in the same manner as the recovery of any other deductible expenses recovered in a later year.

Although either the ward or the guardian must make a return, the ward, and not the guardian, is the taxpayer. *Freuler* v. *Helvering*, 291 U. S. 35. Prior to the enactment of the Revenue Act of 1942 it was held that, unless it be shown that the ward, or the guardian in his stead, was engaged in carrying on a business, the expenses of the guardian in conserving and managing the ward's estate, including any commission or fee charged by the guardian, were not deductible

as business expenses. *Estate of Elizabeth Felt*, 44 B. T. A. 593; *Annie Ratkowski*, 44 B. T. A. 156; *Gloria Laura Morgan Vanderbilt*, 39 B. T. A. 43; aff'd. (C. C. A., 2d Cir.), 107 Fed. (2d) 1023; certiorari denied, 309 U. S. 683; *Adolph Bernard Spreckels*, 37 B. T. A. 709; reversed on another point (C. C. A., 9th Cir.), 101 Fed. (2d) 721; *Van Wart* v. *Commissioner*, 295 U. S. 112. The commissions were apparently charged in 1937, the year petitioner reached her majority. In that year they were not deductible and, hence, were a part of petitioner's 1937 taxable income. It follows that the commissions totaling $446.77 constituted a return of capital to petitioner when received in 1940.

As to item 4, the bank, as administrator, retained in its custody and used in its commercial department funds of the estate of Walter S. Little. The court held that the bank, as a result, became liable to the estate for interest on the various sums retained at 6 per cent during the periods retained and used by it in the total amount of $15,405.79, less $4,800.04, the amount credited in the administrator's account as payment of interest on balance in its hands; and that the petitioner was entitled to one-third thereof, or $3,535.25 less $266.66, or $3,268.59, with interest at 6 per cent from January 13, 1925, the date the bank, as administrator, paid over to itself as guardian the sums due petitioner for her share of the funds belonging to her from the settlement of the estate of her father.

As to item 5, the bank, as guardian, deposited cash funds received by it in its commercial department and used the same for its benefit, without otherwise investing. The court held that as a result the bank made itself liable to petitioner for 6 per cent compound interest on such funds during the periods when balances of such funds were in the possession of the bank and not otherwise invested in the aggregate amount of $15,191.11, less interest paid by the administrator of $8,696, or $6,495.11, with interest thereon from May 28, 1932, the date the balance then in hand was invested in securities.

Item 6 consists of interest on items 1, 2, 3, 4, and 5 to entry of judgment and court costs, and interest from date of judgment until paid, totaling $7,000.63, of which petitioner reported the amount of $2,271.66, which latter amount is not in controversy.

It is argued by petitioner that the bank was unconditionally obligated to pay interest on the funds of the estate and guardian used in its business; that the bank, administrator and guardian, had the unqualified right to receive the interest; that, since the same entity was the debtor, the interest was available to the bank in its capacity of administrator and guardian as it accrued; that the administrator and the guardian had the right to enforce payment of the interest by court action; that, hence, the bank, as administrator and guardian, construc-

tively received the interest in prior years as it accrued and was taxable thereon; and that its receipt by petitioner in 1940 was the receipt of capital.

Whether or not the bank was unconditionally obligated to pay interest, it did not credit or pay such interest to the estate or guardian. The estate of Walter S. Little did not receive, actually or constructively, the interest found due the estate and interest thereon, and hence it was not a part of the estate distributed in 1925 by the bank, as administrator. Neither did the guardian receive, actually or constructively, the interest of $6,495.11 and interest thereon. As heir and ward, petitioner had the right to an accounting. Because the bank, in all its capacities, as a banking institution, as administrator, and as guardian, denied liability, the petitioner was compelled in 1937 to bring an action for accounting to establish her claims and enforce payment. It was only after extended litigation and after the Supreme Court of North Carolina affirmed the decision of the lower court that the bank paid the judgment. Petitioner did not prevail in all of her claims for she, as well as the defendant bank, appealed from the judgment of the lower court.

The amount of interest she would receive was conditioned upon the outcome of the accounting and final decision of the court. (See *Massey* v. *Commissioner* (C. C. A., 5th Cir.), 143 Fed. (2d) 429.)

*I. M. Cowell*, 18 B. T. A. 997, cited by petitioner, is distinguishable. In that case it was held that interest for one year from the date of a certificate of deposit owned by taxpayer was constructively received at the expiration of the year, since such interest was due and readily available to taxpayer and taxpayer's failure to receive the interest was a voluntary and unhampered election on his part. Herein the interest involved was at no time made available by the bank. It was not readily available to petitioner upon her mere request therefor.

Furthermore, interest is specifically mentioned as includible in gross income in section 22 (a). Subsection (b) (3) of section 22 provides that the income from property acquired by inheritance shall be included in gross income. The interest involved was interest on her share of her father's estate and she became entitled to such interest because such share had been distributed to her and had become her property. In *Helvering* v. *Stormfeltz* (C. C. A., 8th Cir.), 142 Fed. (2d) 982, involving the receipt by the taxpayer of $93,878.59 principal and $136,092.97 interest, as the result of litigation against his erstwhile guardian and the administrator of his father's estate, it was held that, in so far as the recovery consisted of interest, it was income to the taxpayer in the year of receipt. (See also *Foster's Estate* v. *Commissioner* (C. C. A., 5th Cir.), 131 Fed. (2d) 1405.)

It is our conclusion that the various amounts representing and designated as interest are income and taxable to petitioner in 1940.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

Disney, *J.*, dissents.