OPINION. Raum, Judge: During 1944 petitioner received an aggregate of $26,144.77 from Guardian Depositors Corporation in connection with the Settlement Fund Certificate to which she had succeeded as the sole residuary legatee of the estate of her deceased husband. Of that amount, $8,554.25 was denominated as “interest”; the remaining $17,-590.52 represents so-called principal. The question for decision is whether the $26,144.77, or any of its components, represents taxable income, reportable by petitioner. We shall deal separately with the items of principal and interest. 1. As to principal of $17,590.5%. If the administration of the estate had not been completed by 1944, and if the amounts aggregating $17,590.52 had been received by the estate in 1944,- it is plain that such receipts would not have constituted taxable income to the estate. In Tuttle v. United States, 101 F. Supp. 532 (Ct. Cl.), dealing with similar payments received by another stockholder of Guardian Group, it was held that the stockholder was permitted to recover, tax-free, receipts from the Settlement Fund in an amount equal to the excess of his original cost plus assessment over the amount of tax benefit enjoyed as a result of worthlessness and the assessment. We have already indicated agreement with the decision in the Tuttle case, Estate of Fred T. Murphy, 22 T. C. 242, and in accordance with both the Tuttle and Murphy cases, the amount in question, $17,590.52, would not have been taxable in the hands of the estate. This application of the tax benefit rule, as recognized in the Tuttle opinion (101 F. Supp. at p. 535) is not limited by the provisions of section 22 (b) (12) of the Internal Revenue Code. Indeed, in Birmingham Terminal Co., 17 T. C. 1011, the tax benefit rule was held applicable in a situation not covered by section 22 (b) (12), and it was there said (p. 1014): To be sure, section 22 (b) (12) of tbe Internal Revenue Code, which was intended to achieve a lite result in certain circumstances, is literally not applicable here, but it was made plain in Dobson v. Commissioner, 320 U. S. at 505-506, that the addition of these provisions of the Code did not preclude the application of a similar rule in other comparable cases. When the estate was closed, petitioner succeeded to the rights of the estate with respect to the Guardian Group stock and the Settlement Fund Certificate. The basis of any assets of the decedent in the hands of either the estate or petitioner, as residuary legatee, was their value at the time of decedent’s death, section 113 (a) (5), Internal Revenue Code; and as was pointed out in Estate of Fred T. Murphy, 22 T. C. at p. 258, where an investment is made by a fiduciary under a will, “the cost or other basis to the fiduciary is to be taken” as the basis. Cf. Regs. 111, sec. 29.113 (a) (5)-1 (d). Accordingly, since the assessment paid by the estate is to be regarded as an additional capital cost of the stock (Tuttle v. United States, 101 F. Supp. at p. 535; Estate of Fred T. Murphy, 22 T. C. 242, 256), the new basis which resulted therefrom subsequently became the basis in the hands of petitioner, who merely stepped into the shoes of the estate to this extent. And payments thereafter received by petitioner with respect to that stock must be measured against that basis and must have the same quality as income or nontaxable receipts as they would have had in the hands of the estate. The decision in the Murphy case, particularly with respect to the shares owned by Frederick M. Alger, Sr., goes far towards pointing the way to the result that we reach herein. We hold that $17,590.52 of the total amount received by petitioner in 1944, representing principal, did not constitute taxable income. 2. As to interest of $8,55^.25. In the final payment received by petitioner in 1944, $8,554.25 thereof was specifically designated as interest. This was in accord with the explicit terms of the Settlement Fund Certificate, which called for the payment of interest with respect to that portion of the contribution to the Settlement Fund paid to the receiver of the Guardian Bank. Interest was stated to be at the rate of 5 per cent per annum and it was to run from June 1, 1935. The taxability of such interest was considered in the Tuttle case, where it was said (101 F. Supp. at pp. 535-536) : In the 1944 payments on the settlement fund certificates was a payment of $4,988.34, which was designated as interest on his contribution to the settlement fund. The liquidation agreement provided for the payment of 5 percent interest on the contributions, if funds were available for its payment. The payment was computed as interest, and we see no reason why it was not interest. It was, therefore, taxable as ordinary income. We think that conclusion is correct, and we follow it here. Cf. also Ollie Beverly Rose, 8 T. C. 854, 858-860. Reviewed by the Court. Decision will be entered under Rule 50.